## W. H. Howell Company v. The Charles Pope Glucose Company; Charles Pope, J. Wm. Pope, Richard Pope, Arthur Pope and Edward Pope.

1. INJUNCTIONS—*Requisites of a Bill for.*—An injunction should not be granted unless it is charged in the bill by facts that a refusal to grant the writ would work irreparable injury to the complainant.

2. WATER-POWER—*When Equity Will Interfere to Prevent an Unreasonable Use of.*—Where there is a controversy between the owners of water-power rights growing out of what is claimed to be an unreasonable use of the power by one to the prejudice of the others, equity will not extend its restraining arm until it has been determined by a court of law that the use complained of is unreasonable.

3. SAME—*Unreasonable Use a Question of Fact.*—What is a reasonable or an unreasonable use of water is a question of fact, to be determined by a jury from the evidence.

4. SURFACE WATERS—*Remedy for a Diversion of.*—An injunction is the proper remedy to restrain a wrongful diversion of surface waters upon the land of another.

**Bill for an Injunction.**—Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

CHAS. WHEATON, attorney for appellant.

A. J. HOPKINS, N. J. ALDRICH and F. H. THATCHER, attorneys for appellees.

What constitutes reasonable use depends upon the circum stances of each particular case, and no positive rule of law can be laid down to define and regulate such use with entire precision, is the language of all the authorities upon the subject. In determining this question, regard must be had to the subject-matter of the use, the occasion and manner of its application, its object, extent, and the necessity for it, to the previous usage, and to the nature and condition of the stream; the fall of water, its volume, velocity and prospective rise and fall, are important elements to be considered. Timms v. Bear, 29 Wis. 265.

A court of chancery can not take jurisdiction until the rights of riparian owners to the reasonable use of water has been determined by a jury. Batavia Mfg. Co. v. Newton Wagon Co., 91 Ill. 246; Druley v. Adams, 102 Ill. 177.

Mr. Justice Harker delivered the opinion of the Court.

Appellant exhibited its bill in chancery to the Circuit Court showing that a dam was erected across Fox river at Geneva, Illinois, over fifty years ago, for the purpose of creating water-power; that through various conveyances it and other owners had become tenants in common of the water and water-power at that place as follows: Fourteen hundred eighty-two inches on the east side of the river to Bennett & Gates, to be drawn on the east side of the river; 300 inches on the east side of the river to the W. H. Howell Company, to be drawn on the east side; 500 inches to the W. H. Howell Company, to be drawn on the west side of the river, and 1,250 inches to the Charles Pope Glucose Company, to be drawn on the west side of the river; that said owners were entitled to use and did use for manufacturing purposes the water power—Bennett & Gates for a large flouring mill; the Charles Pope Glucose Company for a glucose factory; the W. H. Howell Company, the 300 inches on the east side for a flouring mill, and the 500 inches on the west side for a foundry; that the respective owners were entitled to the water called for in their conveyances in a reasonable manner and at reasonable hours only; that in the dry seasons of the year Fox river does not furnish the full amount of water called for by the conveyances nor to supply the wants of the mills and factories if run continuously; that to obviate that difficulty and give to each owner a supply in proportion to proprietorship it had been the custom at Geneva, as well as at St. Charles, Elgin, and other points upon Fox river where dams were maintained to furnish water-power, to shut down the mills and factories of nights and Sundays, so that water would accumulate for their use in day time of week days; that such a course is necessary to enable the respective owners in times of low water to have a fair and reasonable use of the water during

the usual hours of the day and the working days of the week; that the Glucose company, in disregard of the conditions and rights of the other owners, has during the low-water season, operated its factory by water-power, not only during the usual working hours in day time but every hour of the night and Sunday, thereby exhausting the water and preventing an accumulation of it in the mill pond; that the effect of such continuous and incessant use of water is to deprive appellant and other owners of, any use of the water-power created by the dam; and that such use of the water is unreasonable and works great damage to the business of appellant.

The bill prays for an injunction restraining the Glucose company from using the water-power on nights and Sundays, or at hours and times that are unusual and unreasonable for such use, and that upon a final hearing of the cause, the defendants and complainants in the bill be decreed to have the use and enjoyment of their right of water power only in a reasonable manner and at reasonable times, in proportion to the capacity of Fox river, and that the defendant be perpetually enjoined from running the water wheels of its factory nights and Sundays, while the mills above Geneva are shut down and the water in the pond is low, and it be restricted in its use of the water-power to the usual and reasonable hours of week days.

Upon the filing of the bill the master in chancery granted a temporary injunction as prayed for.

Appellees filed a demurrer to the bill.   The Circuit Court sustained the demurrer, dissolved the injunction, and dismissed the bill for want of equity.

The sole question for our decision is whether such a case is presented by the bill as authorized a court of equity to take jurisdiction.   A writ of injunction should not be granted, unless it is charged in the bill by facts that a refusal to grant the writ would work irreparable injury to the complainant. The bill fails to show that the injury is irreparable or of a continuous character.   It is not claimed that the injury operates more than for the few months of the low water

season, and there is no charge in the bill that the Glucose company is not able to pay any damages that may be awarded against it for the misuse of the water.

· Whatever may be the rule of law in other States, we think it is settled in this, that where there is a controversy between the owners of water-power rights, growing out of what is claimed to be an unreasonable use of the power by one to the prejudice of the others, equity will not extend its restraining arm until it has been determined by a court of law that the use complained of is unreasonable. Bliss v. Kennedy, 43 Ill. 67.

The question of what is a reasonable or unreasonable use of water is one of fact to be determined by a jury from the evidence. Batavia Manufacturing Co. v. Newton Wagon Co., 91 Ill. 230.

All three of the owners named in the bill had a right to participate in the use of the water-power; neither had the right to monopolize it or use it to such an unreasonable extent as to preclude its proportionate use by the others.

To determine how much one may use without infringing upon the rights of the others, it is not for the chancellor to determine, but a question to be left to the judgment of a jury.

There is a distinction between this kind of a case and one where it is sought to restrain the proposed wrongful diversion of surface water upon the lands of another. An injunction in such a case was held to be the proper remedy by our Supreme Court in Hicks v. Siliman, 93 Ill. 255, and in Dayton v. Drainage Commissioners, 128 Ill. 271, but there is nothing in either one of the opinions rendered in those cases, militating against the rule laid down in Bliss v. Kennedy, 43 Ill. 67.

We do not entertain the view, as contended by counsel for appellant, that the demurrer filed by appellees admitted the charge in the bill that appellees' use of the water was unreasonable, and therefore that it was not necessary that a jury should first determine that question.

We think the court properly sustained the demurrer and dismissed the bill. Decree affirmed.