THE PEOPLE *ex rel.* A. Phillips *et al.*

*v.*

DRAINAGE DISTRICT NO. 5, etc.

*Opinion filed October 24, 1901.*

DRAINAGE—*party voluntarily connecting with drainage ditch subjects only his own land to be taken into district.* Owners of land adjoining a drainage district do not, by deepening the ditches on their own lands so as to connect with the ditches of the district, subject the lands of other parties which drain through such deepened ditches to be taken into the district, as in case of voluntary connection with the ditches of the district under the statute.

WRIT OF ERROR to the Circuit Court of Douglas county; the Hon. W. G. COCHRANE, Judge, presiding.

JOHN H. CHADWICK, State's Attorney, and EDEN, MARTIN & EDWARDS, for plaintiffs in error.

ECKHART & MOORE, for defendant in error.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is a writ of error to the circuit court of Douglas county to reverse a judgment rendered against plaintiffs in error, as relators, in a *quo warranto* proceeding.

Drainage district No. 5 in the township of Bourbon, Douglas county, was organized August 29, 1898, for the purpose of digging a large ditch from the county line between the counties of Douglas and Moultrie, east of the Okaw river, and the district then comprised only lands lying east of the county line. On the 9th of March, 1900, by order of the commissioners of said district a large body of land lying west of the county line, belonging to the several plaintiffs in error, was taken into the district, upon the ground that they, after the organization of district No. 5, had connected the ditches on their lands with the ditches of the district, the order being entered, as is claimed, by virtue of the authority vested in the board by section 42 of chapter 42 of our statutes. (Hurd's Stat. 1899, p. 697.) That section provides: "Nothing in this act shall be construed to forbid land owners within the district to more completely drain their lands by using the common drains as outlets to lateral drains; and the owners of land outside the drainage districts or another drainage district may connect with the ditches of the district already made, by the payment of such amount as they would have been assessed if originally included in the district, or if such connection shall, by increase of water, require an enlargement of the district ditches, then the outside owners of land so connecting, or other drainage district, as may be, shall pay the cost of such enlargement. If individual land owners outside the district shall

so connect, they shall be deemed to have voluntarily applied to be included in the district, and their lands benefited by such drainage shall be treated, classified and taxed like other lands within the district," etc. The land owners whose lands had thus been annexed to the district, as relators, began this proceeding to compel the district to show cause why it exercised jurisdiction over their lands. The respondent filed pleas to the information, alleging that relators had voluntarily attached their ditches and drains to those of the district. Relators replied denying the allegations, and upon that issue the cause was submitted to a jury. The jury was directed to make a separate finding as to each relator, which it did, in each instance replying "yes" to the inquiry whether each relator (naming him) connected his drains with the ditches of the district. Motion for new trial was urged but overruled, and judgment entered against relators, who prosecute this writ of error.

The issue upon the trial was strictly one of fact,—that is, did the relators connect their drains with the ditches of the respondent district. The evidence in support of the affirmative of this issue, except as to Helmuth and Miller, is somewhat vague and uncertain,—at least as to some of the proprietors lying west of Helmuth and Miller. It was important, therefore, to the parties that the jury be accurately instructed.

Plaintiffs in error insist that the court below erred in modifying certain instructions asked by them and in giving others at the instance of the respondent. We have carefully examined the modified instructions complained of and find no substantial error therein; but one of those given on behalf of defendant in error (No. 10) is, we think, erroneous and misleading, and for that reason the motion for new trial should have been sustained. The lands of relators Helmuth and Miller lie immediately west of the new district, and the water-course through which the water is drained from all of the other lands of relators

passes east through the lands of Helmuth and Miller on its way into district No. 5. The instruction complained of is as follows:

"If the jury believe, from the evidence in the case, that since the organization of district No. 5 of the town of Bourbon, that Helmuths deepened the ditch through their lands in section 34, and that the relator Samuel Miller cleaned out and deepened the ditch on his lands in section 13 that connected with the said ditch on the lands of said Helmuth, and that the ditch so deepened on the Hulmuth land led to and connected with a water-way on the highway separating the lands of said district from those of said Helmuth, and that the said water-way across the highway connects with and empties into the ditch of the district, and that the ditches on the land of said Miller and said Helmuth which were deepened, (if you believe, from the evidence, they were deepened,) carried water into the ditch on the highway and that it passed through said highway ditch into the ditch of the district, all of which water would not have reached said district ditch but for the deepening of the said ditches on the lands of said Miller and Helmuth, and that waters from lands of other relators flowed through said improved ditches and into the district ditch, then the lands of said Helmuth and Miller, and all lands of other relators lying above the lands of said Miller which drain their waters through the improved ditches on Miller and Helmuth, should be treated as connected with the ditches of the district."

This instruction, it will be perceived, informs the jury that Helmuth and Miller, by deepening the ditch on their lands, could subject all the lands of other relators which drained through such deepened ditches to be taken into district No. 5. This clearly is not the law. Under section 42 Helmuth and Miller had a right to drain their own lands into the new district and thus voluntarily connect with it, but their act, alone, could not have the effect of

bringing the lands of others within the jurisdiction of the district. (*Dayton* v. *Drainage Comrs.* 128 Ill. 271.) This instruction relieved the respondent from showing that the lands of other relators had been voluntarily connected with the ditches of the district, and the jury, following it, might well have ignored the evidence as to the individual acts of such other relators, and found, as they did, that the evidence satisfactorily showed that each of the other relators had connected his land with the ditches of the respondent district. It is true that other instructions given at the instance of respondent recognize the law to be that the proprietors must themselves do some act by which they voluntarily connect their lands with a district; but this tenth instruction is so direct and positive in its terms, and so clearly misstates the law, that such other instructions cannot be held to cure it. It is true, the jury found that each relator connected his ditch with the ditch of the new district; but they may have so found upon the theory that Helmuth and Miller had deepened the ditches through their lands, and that the waters from lands of the other relators flowed through said improved ditches and into the district ditch, although each of the other relators did nothing to cause the waters from his land to thus flow through the deepened ditches on the lands of Helmuth and Miller. In other words, under this instruction, if the jury believed, from the evidence, that Helmuth and Miller had deepened the ditches on their lands, and that the waters from the lands of other relators flowed through such deepened ditches into the district, then it was wholly immaterial whether such owners had done anything to connect their lands with the ditch of the respondent or not.

We perceive no error in the giving or refusing of other instructions, but for manifest error in instruction No. 10 the judgment below must be reversed and the cause remanded for another trial.

*Reversed and remanded.*