Henry v. Koch, &c.

CASE 76—EQUITY—OCTOBER 3, 1882.

## Henry v. Koch, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Although the wall supporting the roof of appellant's house is upon appellee's lot, yet both parties received conveyances for their lots with knowledge of that fact, and also of the fact that both lots were theretofore sold by a person who owned both and built the houses in that manner.
2. The wall is an easement claimed by appellant by reason of the grant, and appellee has no right to deprive her of the use and enjoyment of it. Her house cannot stand without it.

3. The parties are presumed to have contracted with reference to the condition of the property, and appellant took her lot with all the benefits and burdens belonging to it at the time she received her conveyance.

4. Appellee cannot, by his own act, create a necessity for light and air by remodeling his building, and then, in order to obtain it, destroy appellant's dwelling.

J. T. O'NEAL FOR APPELLANT.

1. Both appellant and appellee purchased with exact knowledge of the condition of the property they bought.

2. A common owner built both houses, and conveyed them with the appurtenances.

3. Appellee cannot deprive appellant of this easement, for without it her house will be destroyed.

4. Neither can appellee, under the pretext of obtaining light and air, ruin appellant's house. (2 N. J., 506; 38 Barb., 488; Washburn, vol. 2, 288; Addison on Torts, vol. 1, p. 111; Washburn on Easements, vol. 1, 29; 48 Pa., 178; Kent's Com., 3d vol., 556; 6 Johns. Ch'y, 497; Story's Eq. Jur., secs. 927, 928; Musselman v. Morgan, 1 Bush, 463; Hahn v. Thornberry, 7 Ib., 405; 16 Wis., 661; 47 N. H., 488; 4 Allen, 147.)

JAMES S. PIRTLE FOR APPELLEE.

1. An injunction will not be granted to compel defendant to pull down buildings when the hardship as to him would be greater than the benefit to the plaintiff. (Jacobus v. Knight, 32 L. J. Ch., 601.)

2. The wall on which the rafters rested was not a party wall. (Washburn on Easements and Servitudes, 454.)

3. To be a party wall it must be property in common. (3 Kent, 438; 4 Sand., 480; 8 Adolph & El., 138; 4 Johns. Ch'y, 338; 40 Md., 15.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

George Anderson, being the owner in fee of a lot of ground in the city of Louisville, upon which he had erected certain buildings, severed the lot and buildings upon it by conveyances made at the same time to one Doup and Wright. There were two rooms, or rather two houses, on the lot, divided by a partition wall at the time of the conveyance, Doup acquiring by his purchase one of the rooms and Wright the other. They purchased, as stated, of Anderson, who was the sole owner, in the year 1871. The

lots fronted on Washington street, between Floyd and Pres-
ton streets. The appellant, Mrs. Henry, purchased the lot
sold Doup, and the appellee the lot sold Wright. The con-
veyance from Anderson to Doup describes the lot as run-
ning 183 feet east of Floyd street, and thence with Main
street eastwardly 26¾ feet; thence westwardly 204 feet to
Washington street, &c., to have and to hold the same, with all
the appurtenances thereon, to the second party and his heirs
forever. The agreed facts show conveyances were made by
Doup and Wright to these parties, and that they entered
into possession. It also appears that the boundary dividing
the two lots or houses is a straight line, and that the wall
separating the two buildings is all on the lot owned by the
appellees, leaving a strip of at least five feet of appellees'
lot beyond the wall, and adjacent to appellant's lot. Ap-
pellant's house is a two-story metal-roofed brick building;
but, according to the proof, is of but little value. The
appellee desired to remodel his building, and to convert it
into a residence, or rooms suitable for that purpose; and as
the wall stood entirely upon his lot, with a space of five feet
of ground in addition belonging to him, lying between the
wall and the lot of the appellant, he began the improve-
ment. The appellant's house had for its support this parti-
tion wall, with the roof, rafters, and joists all resting upon it,
and was so constructed by Anderson at the time he sold to
Doup and Wright, the vendors of these parties. No change
had been made in the building affecting the rights of the
parties in any manner until shortly before the institution
of this action, in March, 1880, when the appellee took the
roof from appellant's house to the extent that it covered
the strip of ground between the wall and the real division
line; cut loose every other rafter supporting the roof; took

up the floor of the second story of appellant's room over the strip, and proceeded to make various openings in the wall for the purpose of making his improvements, leaving the inside of appellant's house entirely exposed. Notice was given the appellant, by a postal card, of the intention of the appellee to make the change. The work began on the 29th of March, and this action in equity obtaining an injunction to prevent the injury, was obtained on the 12th of April.

The chancellor, upon the facts stated, dissolved the injunction, upon the ground that the wall was not a party wall, and no irreparable injury could result to the appellant from the conduct of the appellee, as she could build a wall on her own lot to support the roof, and if wronged by the appellee, her remedy was at law and not in equity.

It is not necessary to determine whether the wall dividing the two houses is or not in a strict legal sense a *party* wall. It is an easement or servitude claimed by the appellant by reason of the grant, and the appellee had no right to deprive her of the use and enjoyment of this right without her consent. The reason the appellee gives for the illegal acts complained of is, that he desired to obtain light and air for the convenience of the building in its altered condition. He first created the necessity for light and air by remodeling his dwelling, and in order to obtain it, undertook the destruction of appellant's property. When Anderson sold and conveyed this property to Doup, under whom appellant claims, the wall was the support of appellant's building, and it will not be pretended that this vendor could have torn off the roof of appellant's house that he might enjoy the benefit of the strip of ground that is now claimed belongs to the appellee. If he would be estopped from forcibly taking

Henry v. Koch, &c.

possession of appellant's property that he might enjoy his own, we cannot well see how the grant by him to another could confer such a right.

It was not the conveyance to Wright, under whom the appellee claims, that gave the right, because the convey-ance to Doup and Wright created this easement. The fee-simple was in Wright, and by him passed to the appellee; but they took the title with the servitude upon it. They could see the building, its mode of construction; and the fact that the building of the appellant had its joists, rafters, and roof resting on this wall must have been known to all.

It is not a question of title or even notice, as the parties must be presumed to have knowledge of the real boundary; but the question is, was the use or continuance of the ease-ment necessary for the support of the structure ? *milks, 21*

The parties, as said in the case of Lampman v. ~~Meeks~~, 31 New York, "are presumed to contract with reference to the condition of the property at the time of the sale, and neither has the right, by altering arrangements then openly exist-ing, to change materially the relative value of the respective parts."

This appellant or her vendor, when they purchased this property, took it with all the benefits and burdens as ap-peared at the time of the sale to belong to it. They well knew—all the parties—that the building could not stand with the wall removed, and the right to remove it by the appellee is based on no other ground than that he is the owner of the fee. This would apply to all servitudes, as they cannot exist without the recognition of a dominant estate. The use of the fee cannot be made so as to destroy the enjoyment of the easement, and the elementary books say that one of the recognized modes of creating an ease-

ment is, where the owner of an entire estate sells a portion, the purchaser takes his purchase with the burden and benefits as they exist, or rather, as they appear. "So, if one proprietor erect two adjoining houses with a wall between them for the purpose of supporting both buildings, and the same is necessary for that purpose, and he then conveys, with metes and bounds, by a line running through the center of the wall, the grant would carry not only what was within the limits described, but pass as an easement appurtenant to the grant, a right of support of the house by the entire wall, as well that not included as that within the limits mentioned in the deed." (Washburn on Easements, page 336.)

In the case of Prichard v. Pine, an English case found in American Law Register, vol. 2, O. S., page 180, in discussing a question somewhat analogous as to the rights of purchasers from a common vendor, it is said: "The right of mutual support remains, and the circumstance of the title of the houses having been separated by one act at one time, or by different acts at different times, can make no difference in this respect."

In the case of Robbins v. Barns, Hor., 131, and cited in the case of Lampman v. Meeks, it was held, "that when one of two adjoining houses was originally built in such a manner that one overhung a portion of the other, although this overhanging was originally wrongful, yet, if both houses should come afterwards to be owned by one person, and he should sell them to different persons without alteration, the purchaser of the overhanging house would thereby acquire the right to maintain his house in that condition, and when it decayed, to pull it down and build another of the same description. The houses *must be taken as they were at the time of the conveyance.*"

The appellant has a right, in common with the appellee, to the use and enjoyment of this wall for the support of her house, and it is unreasonable to say that, because the appellee owns the fee, and may be deprived of such use of his ground as may be necessary for its improvement, or for his own comfort, that he can tear down and destroy appellant's building.   If he can take away a part of the flooring and roof, he may demolish the entire building by removing the wall, and this, from the beginning he has made, will likely be done unless the chancellor interferes.   It is unnecessary to inquire whether the appellant has a remedy at law, and to determine that, because she could maintain an action of trespass or recover damages, she must look on and see her house destroyed, would, in effect, invite the appellee to finish his undertaking.   When the injury is irreparable, or permanent ruin to property will ensue from the wrongful act, a court of equity will interfere by injunction to prevent the injury.   (See Hahn & Harris v. Thornberry, 7 Bush; Musselman v. Morgan, 1 Bush.)

It is said in the opinion below that the injury is not irreparable, because the appellant can build a wall of her own. The injury we would regard as irreparable, when the consequence is the destruction of the building by reason of the act of appellee; and that another wall will have to be erected, or house built, is not only conclusive as to the extent of the injury being sustained, but of the right of the appellant to ask the chancellor for relief.   The enjoyment of an easement, says Story, will be protected or secured by a court of equity.   (Story's Eq. Jur., vol. 2, 12 ed., sec. 927, page 110.)

It matters not in a case like this that the appellee, in the exercise of what he claims to be a right, has committed the

wrong before the injunction; he may continue to injure the building, or if not, has placed the house of the appellant in such a condition as to utterly ruin and destroy it, unless, as is claimed, the appellant should build up as the appellee tears down. Here the owner of the estate upon which the burden rests undertakes to remove it, and does remove that which is indispensable to the building itself. If left exposed to the weather, or barely supported by the joists left, complete ruin will be the result. What relief should the chancellor give in a case like this? It seems to us a judgment should be rendered requiring the appellee to repair the injury by placing the building in the condition it was prior to his wrongful act, and paying such damages the appellant has sustained by being deprived of the use of her building. To do otherwise, would be to give appellee a right by reason of his wrong. He ought not to be allowed to say that because he has destroyed the easement, therefore the damages sustained is the only relief the appellant is entitled to.

In the case of Monroe v. Maynard, Iowa, American Law Register, vol. 7, page 336, the owner of the estate owing the servitude was made to restore it, or the party injured allowed to repair or build at the expense of the party committing the wrong. So in this case, the party should be made to restore the wall and repair the building, or the appellant should be permitted to do so at his expense.

In this case the servitude was not only apparent when the lots were sold, but it was plain to all that the building of the appellant could not stand without it, and we see nothing in the proof authorizing the conclusion that the act of the appellee was by the consent of the appellant, and the relief sought should have been granted in the manner designated.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.

To a petition for a rehearing—

JUDGE PRYOR DELIVERED THE FOLLOWING RESPONSE:

The facts of this case were fully understood at the former hearing, and while the appellee had the possession of the strip of ground, the joists and rafters of appellant's house were supported by the roof, and the two houses were in this condition when both parties purchased. The appellee has adduced no authority on the question sustaining his view of the case, while the appellant has. The fact of appellee having the possession is not inconsistent with the easement or servitude claimed by appellant. On the return of the cause, the appellee, by appropriate pleading, may build the wall on his own ground, and require the appellant to pay one half the cost, or make such contribution as the chancellor shall deem equitable. The opinion is modified to that extent.

Petition overruled.