## Board of Park Commissioners of City of Louisville v. Donahue.

(Decided November 3, 1910.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division.)

1. Nuisance—Draining Water in Cellar of Dwelling—Damages Recoverable—Temporary Structure in Street.—In an action by the owner of a dwelling against a city for damages by flooding her cellar with water in negligently constructing a drain pipe across the street adjacent thereto, the correct measure of damages is a sum sufficient to restore the property to its condition prior to the injury and to compensate the owner for the diminution in the value of the use of the property during the continuance of the nuisance up to the filing of the petition. Then if the temporary structure is not thereafter removed and the property is again injured, the owner may again recover.

2. Same—Permanent Structure—Measure of Damages.—If, however, the structure is permanent, not only must all damages, past, present and contingent, be recovered in one action, but they accrue when the structure is completed, or at least when the first injury is occasioned, and the measure of damages is the difference in the market value of the property before and after the injury.

HUSTON QUINN, KOHN, BAIRD, SLOSS & KOHN, and CLAYTON B. BLAKEY for appellant.

MATT. O'DOHERTY and WM. A. PERRY for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-
MISSIONER—Reversing.

Appellant, Board of Park Commissioners of the city of
Louisville, has the care, maintenance and custody of all
the boulevards and parkways belonging to that city. Ap-
pellee, Clara Donahue, owns a house and lot situated on
the east side of Third street which she purchased prior
to the time of the injury hereinafter complained of.
Charging that appellant, in the year 1904, wantonly and
negligently constructed across Third street, at a point
adjacent to her property, a drain pipe for the purpose
of draining the water from the Third street boulevard
and surrounding territory, and that said drain pipe en-
tered into a lower vacant lot adjoining her property and
caused a great quantity of water to pour in and collect
upon said lot and to collect into a pond, and that the
water from this pond flooded the cellar of her house
and filled the cellar with water, thus injuring the foun-
dation of her house and otherwise damaging it, appellee
brought this action to recover damages for the sum of
$1,200 because of the aforesaid injury. She also asked
damages in the sum of $300 because her boarders left
her on account of the water in the cellar and the damp
and unhealthy condition of her house, and she there-
by suffered a loss in her business as a boarding house-
keeper. The issues were completed by appropriate
pleadings and a trial was had, which resulted in a verdict
and judgment for appellee in the sum of $500. From
that judgment this appeal is prosecuted.

The evidence for appellee tends to show that there
was no pond on the low adjoining lot at the time she pur-
chased and moved into the property in question, and that
the injury complained of was caused solely by the con-
struction of the drain pipe in question, which carried the
water from the boulevard and adjoining territory on to
the lot. On the other hand, the evidence for the appellant
tends to show that the pond existed upon the adjoining
lot for a great many years, and that the place where ap-
pellee's house was erected was in a natural drain, and
that the water would have accumulated on the adjoining
lot notwithstanding the construction of the drain pipe.

The principal error assigned upon this appeal is the
giving of the following instruction on the measure of
damages:

"If the jury find for the plaintiff they should award her such sum in damages as will fairly and reasonably compensate her for any injury to her said house and for any loss of trade in her business as boarding house-keeper, not exceeding for that item the sum of $300 directly arising from the· flooding of the cellar of said building between the ——— day of April, 1904, and the 23d day of April, 1906, when her petition was filed, the whole award not to exceed the sum of $1,300."

This court has frequently condemned instructions similar to the above. Thus in the case of C., N. O. & T. P. Ry. Co. v. Gillespie, 130 Ky. 213, where the plaintiff sued for damages for the pollution of a spring, this court held that an instruction which authorized the jury to award the plaintiff such sum in damages as they believed would fairly compensate her "for the damage and injury to her spring" was erroneous, because it did not lay down any measure of damages for the guidance of the jury. (See, also, the following cases: Lexington Railway Co. v. Herring, 29 Ky. Law Rep. 794; Louisville Gas Co. v. Fuller, Id., 130; Louisville & Nashville R. R. Co. v. Cleaver, 28 Ky. Law Rep. 497; Illinois Central R. R. Co. v. Haynes, 122 S. W. 210.)

Counsel for appellee practically admit that the instruction complained of is incorrect, but insist that the facts of this case bring it within the rule laid down in the case of Louisville & Nashville R. R. Co. v. Ponder, 104 S. W. 279, where a similar instruction was under consideration, but we declined to reverse because the court repeatedly called the attention of the jury to the fact that the question before them was the difference between the market value of the property before and after the injury, and for the additional reason that counsel for the railroad company in that case did not ask or request any additional instruction on the measure of damages. In that case, however, there was no question as to the permanency of the structure that caused the injury. In the case before us, we are unable to determine whether the drain pipe is a permanent structure; that is, one that can not be easily and readily removed at little expense, or is only temporary in its character. During the hearing of the testimony, counsel for appellant objected to a question concerning the fair rental value of the property. Thereupon the court said: "I think the theory upon which this suit was brought is for a permanent injury

up to the time of filing the petition." At another time he said: "The petition seems to be based on the theory of a suit for permanent injury." Thereafter he confined the testimony to the market value of the property before and after the injury. Some confusion seems to have arisen from a failure to distinguish between a permanent structure, which of itself depreciates the market value of the adjoining property, or constitutes a continuing nuisance with the same effect, and a temporary structure which does not constitute a permanent nuisance. Even a temporary structure may occasionally work a permanent injury to a residence. In such a case the correct measure of damages is a sum sufficient to restore the property to the condition it was in prior to the injury and to compensate for the diminution in the value of the use of the property during the continuance of the injury and up to the filing of the petition. Southern Ry. Co. v. A. M. E. Church's Trustees of Harrodsburg, 121 S. W. 972.) Then, if the temporary structure is not thereafter removed and the property is again injured, the owner may again recover. If, however, the structure is permanent, not only must all damages, past, present, and contingent, be recovered in one action, but they accrue when the structure is completed, or, at least, when the first injury is occasioned to the property, and the measure of damages is the difference in the market value before and after the injury. (City of Richmond v. Gentry, 124 S. W. 337; Louisville & Nashville R. R. Co., 33 Ky. Law Rep. 199.) In the case before us, it is impossible to tell whether the case is predicated upon the fact that the drain pipe itself was permanent and constituted an enduring nuisance, or was only temporary, but did as a matter of fact permanently injure the property. If the latter, then the evidence itself did not relate to the proper measure of damages as pointed out above. Being unable to say whether the drain pipe is a permanent or temporary structure, we think evidence should have been heard upon this point and this question submitted to the jury, accompanied by the proper measure of damages suitable to either case as set out above, with the right on the part of the jury, in case they believed the injury was due to a temporary structure, to include in the diminution in the value of the use of the property any loss of profits which the plaintiff may have sustained as a boarding house-keeper, not exceeding, however, $300, for this item. (Kentucky Heating Co. v. Hood, 133 Ky. 383.) In such

case the jury should state in their verdict whether their finding is based upon a permanent or temporary structure. (Louisville & Nashville R. R. Co. v. Whitsell, 31 Ky. Law Rep. 76.) In the absence of such a finding, it is impossible to tell whether the verdict is intended to cover only such damages as the plaintiff may have sustained up to the time of filing the petition, or all damages, past, present and future. This may become a very material question in the event of another suit.

Judgment reversed and cause remanded for a new trial consistent with this opinion.