## City of Ludlow v. Broderick.

(Decided June 14, 1918.)

### Appeal from Kenton Circuit Court.

1. Waters and Water Courses—Surface Waters—Actions—Damages.—Of two adjoining lots owned by different proprietors, the lower is subject to the servitude of receiving the natural and ordinary flow of surface water from the upper estate, and the lower proprietor can not complain that the surface water from the upper estate is allowed to flow in the ordinary and usual manner on to his property.

2. Waters and Water Courses—Surface Waters—Easements.—Where one purchases a low lot lying below and adjacent to an improved street, and which lot is at the time subject to the flow of surface water from the adjoining property and street, the purchaser is not in position to complain of such flow even though the water be gathered in drain or sewer pipes and carried under the embankment of the street on to the lower lot, after the easement thus enjoyed has continued for more than fifteen years.

3. Waters and Water Courses—Surface Waters—Damages.—One who erects his house on a low lot on to which the surface water from surrounding property, owing to its topography, usually and naturally flows and gathers, can not recover of a city damages for injury to the house thus erected, by water, unless the established grade of the street has been so altered or changed as to deflect the flow of surface water on to the complainant's property in greater volume or in different course and manner from the usual and ordinary flow.

JOEL W. WARD, MEYERS & HOWARD and EDWIN P. MORROW for appellant.

JACKSON & WOODWARD and HERBERT JACKSON for appellee.

Opinion of the Court by Judge Sampson—Reversing.

This action was brought by Mrs. Elizabeth Broderick, widow of James Broderick, against the South Covington and Cincinnati Street Railway Company, the city of Ludlow, and the city of West Covington, to recover damages for injury which she alleges was produced by surface water to her premises, situated in the city of Ludlow and near the West Covington line, by so raising and reconstructing the street in front of and abutting upon her property as to and it did gather and cast an unusual and unnatural quantity of water thereon. The foundation under her house was caused to crack and give way and to greatly damage her cellar and house. Upon a trial before a jury the plaintiff, Mrs. Broderick, was awarded seventeen hundred dollars damages against appellant, city of Ludlow, the court having sustained a motion for peremptory instruction as to the city of West Covington. The appellant is a city of the fourth class, situated in Kenton county. West Covington is also a city of the fourth class, and adjoins the city of Ludlow and also the city of Covington; the three cities are in fact one large community. On the north side of Mrs. Broderick's property runs a street called the Highway, which has its beginning in the city of Covington, and runs through the three cities named. Upon the Highway and adjacent to the property of appellee, the street railway company maintains its track and operates its line of road. According to the evidence the street was improved along by Mrs. Broderick's property in 1898, or 1899, and has not been changed so far as its grade line is concerned since that time, except that the street railway company has placed its tracks upon the street and at one place near the property, but not exactly opposite thereto, raised the grade of its track some four to six inches so as to conform to the grade of the same street made by the city of West Covington. The lot upon which appellee's house stands was originally and is now much lower than the surrounding territory, and several feet lower than the adjacent street as it existed at the time of the erection of the house in 1911 and 1912. In front of the house and just across the street complained of, is a hill or natural elevation from which some of the surface water runs down upon the highway, and thence across the same on to the premises of Mrs. Broderick. From the evidence, as we

understand it, the raising of the grade of the street would not in any way facilitate the course of the water in getting upon the premises of Mrs. Broderick, but would rather hinder it and cause it to flow in another direction. It is also in evidence that the house of Mrs. Broderick was erected several years after the grade of this street had been fixed and was at the time of its erection as much as a foot and a half or two feet lower than the surface of the street, and that the builder and contractor of the house and those engaged in the work called attention to this fact at the time the foundation was laid, and attempted to persuade the husband of Mrs. Broderick, who also owned an interest in the property that the house should be built upon a higher foundation, but to no effect.

The substance of the evidence is, that the lot of Mrs. Broderick is now and has always been much lower than the surrounding property, and therefore subject to the servitude of receiving the ordinary and natural flow of surface water. The highway was constructed in 1898 or 1899 adjacent to and just above the property plaintiff now owns. At that time certain sewers and drain pipes were installed in the embankment for the purpose of conducting the water under the street and on to the property below, now owned by Mrs. Broderick. These pipes had been in use some twelve or thirteen years before Mrs. Broderick first became the owner of an interest in the property now in question, and more than fifteen years had elapsed from the time of the installation of the sewers and drain pipes to the institution of this action, so that the city had, it appears, acquired a prescriptive right to maintain the sewers and drain pipes in the manner complained of, and to cast the water upon the premises in question in the way, manner and quantity to which it was subject at the time of the commencement of this proceeding. Moreover the plaintiff, Mrs. Broderick, purchased the property with the street grade fixed practically as it now exists, and the drain and sewer pipes installed as they now are and she will not now be heard to complain of their existence, especially after so great a lapse of time.

Mrs. Broderick testifies that she was acquainted with the lot and its surroundings before it was purchased by her husband, and deeded to the two jointly, and that water flowed onto the lot in much the same manner as at the time of the commencement and trial of this action,

and that the drains and sewers were then in the same position and condition as at the trial, except she thought the water had perhaps increased somewhat. With this knowledge on the part of the plaintiff and her husband, the house was erected on its present site. The city originally had the right to allow surface water, in its usual volume and natural course, to flow upon the lot in question, and the owner of the lot, it being the lower and servient estate, had no right to obstruct the free flow thereof onto his property. When the water was first gathered into drains and cast upon his lower lot the owner thereof had his remedy had he invoked it, but having slumbered on his rights for more than fifteen years before beginning proceedings, his rights of whatever nature were barred and tolled at the time of the commencement of this action.

While it appears that the house of Mrs. Broderick has been damaged by water, it further appears that this damage resulted largely, if not wholly, from natural conditions existing at the time and before her purchase of the property and erection of the house, which were open and obvious and of which she and her predecessors were required to take notice. The water came from off a hill just in front of but across the street from the residence of plaintiff. Raising the street would not have deflected the water from the hill onto her premises but would have been a protection from it, and the higher the grade of the street and the lower the ditch on the side next to the hill, the less the water would have flowed onto the lot, at least in the regular and natural channel or course, and that which went through the sewer and drain pipes was allowable under prescriptive right. No map or diagram of the premises accompanies the record and we have experienced great difficulty in obtaining a clear understanding of the testimony. Finally it is insisted that the smooth surface of the brick street has facilitated the flow of the water and allowed it to pass freer and faster but in the same course and quantity. The rule recognized in this state does not allow a recovery by a lower or servient estate for damages where the quantity of water is not increased nor caused to flow in a new or different course or channel. So long as the volume of the water remains the same and is confined to its usual and ordinary course there is not actionable wrong in facilitating

its flow by cleaning the channel or leveling the surface so as to let it pass without obstruction or run rapidly. A mere acceleration of the flow of water is not an actionable injury. 40 Cyc. 647.

Mrs. Broderick says the water was flowing from the street onto her lot at the time and before she and her husband began to erect the house which has since been damaged by the water, and that this lot was lower than the adjacent street and grounds. The house was built where reasonable forethought would have suggested danger from water from the upland and the street. Therefore she is now in no position to complain of injury to her house which was knowingly erected in the direct course of the flow of surface water from the street, unless that flow has been materially augmented by a change in the established grade of the street. If a street have an established grade persons erecting buildings must take notice thereof, even though the street be not in fact constructed, and one who builds his house on a grade lower than that established can not complain that the city afterwards constructed the street upon the grade before established. So, if, as appears to be the fact, the highway mentioned in evidence has not been materially raised since the erection of the house and not now above the established grade so as to cast an unusual and unnatural volume of water upon Mrs. Broderick's property, she is without remedy, it being *damnum absque injuria.* As said in Stith v. L. & N. R. R. Co., 109 Ky. 177, "A person may improve any portion of his land, although he may cause the surface water thereon, whencesoever it may come, to pass off in a different direction and in larger quantities than previously. If such an act causes damage to adjacent land it is *damnum absque injuria.*"

Nor can one have a recovery for injury occasioned by the flow of surface water onto his premises which results only from extraordinary or unusual rainfall. The evidence here tends to show the water which passed over the street was occasioned by unusual rainfall.

Upon consideration of the whole evidence, we are of opinion it is not sufficient to support the verdict, and the judgment is reversed for proceedings consistent with this opinion.