## City of Bowling Green v. Stevens.

## City of Bowling Green v. Covington.

(Decided October 21, 1924.)

### Appeals from Warren Circuit Court.

1. Municipal Corporations—City Not Liable for Nuisance Produced by Others.—City was not liable to property owner for noxious odors arising from dead animals found near drain, in absence of evidence that city or its employees placed animals in drain, or that they came from streets of city, or that city permitted inhabitants to pollute drain; it not being liable for nuisance produced by others.

2. Municipal Corporations—City Not Liable to Lower Proprietor for Increased Volume of Water Causing Overflow.—City held not liable for damages caused by overflow of a natural drain resulting from increased volume of water, attributed to construction of buildings and failure to keep sink holes affording natural outlet for water cleaned out; city being an upper proprietor.

SIMS & SIMS for appellant.

CHAS. DRAKE and GAINES & GARDNER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Granting the appeals and reversing.

H. C. Stevens owns property located partly in the city of Bowling Green and partly outside. Mattie Covington owns property located outside the city of Bowling Green, on what is known as Lower Church street, between the city and Barren river. Along and through their property runs a ditch which connects with a drain used by the city to carry the surface water to Barren river. The owners brought suits against the city to recover damages growing out of the overflow of their property, and the accumulation of decomposed matter. The cases were heard on the same evidence, and the trial court awarded H. C. Stevens $300.00 damages, and Mattie Covington $200.00, and in each case the city has prayed an appeal.

The ditch in question is not an artificial sewer, but a natural drain that carries the surface water from that portion of the city. For some thirty or forty years the greater part of this ditch has been walled on each side, and this work was done prior to the time that either H. C. Stevens or Mattie Covington acquired title. The only

change that has been made within the last thirty or forty years was the straightening out of the drain at a point within the city limits where the drain made an abrupt turn, and rendered the change necessary, but this work neither increased nor decreased the size of the drain. With this exception, it does not appear that the city ever maintained the ditch, or exercised any control over it.

Stevens' property is two feet higher than the surrounding land, and he admits that his property has suffered no physical damages by overflow but that his whole damage was due to noxious odors arising from decomposed matter left by the overflow near his property. There was evidence that cats, dogs, rats, chickens and other animals and fowls were found dead near and adjoining his premises. There is no evidence that the city, or any of its employes, ever placed any dead animals in the drain, or that they came from the streets of the city, or that the city knowingly authorized or permitted its inhabitants to pollute the drain in any way. Clearly, the city can not be held liable for a nuisance produced by others, who acted without its authority or permission. We, therefore, conclude that Stevens was not entitled to recover.

Mattie Covington's action for damages is based on the claim that because of the increased volume of water during the past few years, her premises have been overflowed, and she has been compelled to vacate the premises. The increase in the volume of water is attributed to the construction of buildings and streets in the city, and to the closing of sink holes which afforded an outlet for the water. The argument is that the new buildings and streets had the effect of causing to flow into the drain a quantity of water that would have been absorbed by the natural surface of the land. Manifestly, the rights of the lower proprietor are subject to the right of the upper proprietor to use his land in the natural and ordinary way, so long as there is no substantial change in the natural flow of the water. Hence, though the upper proprietor has no right to open or remove natural barriers and turn on lower lands surface water which would not otherwise flow in that direction, he has the right, even by ditches and drains, to drain the surface water from his own land into the channels which nature has provided, even though the quantity of water thrown upon the lower lands is thereby increased. Dayton v. Drainage Comrs., 128 Ill. 271, 21 N. E. 198; Frank Manteufel v. Gustave

Wetzel, 133 Wis. 619, 114 N. W. 91, 19 L. R. A. (N. S.) 167. The rule has been applied in favor of a municipal corporation and its right to carry off surface water in order to improve the streets and render its territory more suitable for building purposes has been recognized. Robb, et al. v. Village of Lagrange, 158 Ill. 21, 42 N. E. 77. If it may construct drains to carry the surface water into the natural channel, it necessarily follows that it is not liable for any increase in the quantity of the water due solely to the construction of streets or erection of houses. City of Ludlow v. Broderick, 181 Ky. 123, 203 S. W. 1082.

But, it is insisted that the volume of water was increased by the closing up of certain sink holes which afforded a natural outlet for the water. One of the sink holes is located on the property of Mattie Covington. The evidence shows that a Mr. Moore kept this sink hole cleaned out for a number of years, but recently it has become filled with rubbish. Clearly, the city owed no obligation to Mattie Covington, or to any other property owner, to clean out the sink holes on their premises. There was some evidence, however, to the effect that the city actually closed up one sink hole, and laid pipes from that point, but the evidence is not persuasive that any injury resulted therefrom.

On the whole, the situation is one where the natural conditions are such as to cause injury in times of hard rains, and we find no justification for the claim that the injury has been increased by any improper or unlawful act on the part of the city.

Wherefore, the appeals are granted, and the judgment in each case is reversed, and the cause remanded with directions to dismiss the petitions.