# Chesapeake & Ohio Railway Company v. Pike County Realty Company.

(Decided March 27, 1925.)

## Appeal from Pike Circuit Court.

1. Waters and Water Courses—Railroad Obstructing Natural Flow of Water Under Duty to Maintain Facilities for Carrying Off Excess Water.—Where railroad obstructed natural flow of water by constructing a fill and undertook to remedy condition by providing a catch-basin and sewer, it was under duty to maintain such facilities in proper condition, and, where there was evidence that flow of water was obstructed by debris permitted to accumulate, its liability for consequent injury was for jury.

2. Waters and Water Courses—Instruction Held Erroneous in Not Limiting Damages to Period Plaintiff Owned Property Flooded.—In action against railroad for damages from overflow of water caused by alleged negligent maintenance of catch-basin, an instruction authorizing recovery for damages sustained within five years was erroneous, where plaintiff owned property only part of such period.

3. Waters and Water Courses—Instruction Held Erroneous in Not Furnishing Guide for Measuring Injury to House by Overflow.—In action against railroad for damages from overflow of water caused by alleged negligent maintenance of catch-basin, where plaintiff was merely renting property, an instruction fixing measure of damages as diminution in rental value of house and lot and "such injury, if any, as has been done the plaintiff's house thereby," held erroneous as to latter portion in that it furnished jury no guide by which to measure injury to house.

4. Waters and Water Courses—Measure of Damages for Injury to Rented Property, Stated.—Where plaintiff's house and lot, occupied by tenant, was damaged by overflow of water, caused by defendant's negligence, correct measure of damages is sum sufficient to restore property to its condition prior to injury and to compensate for diminution in rental value during continuance of injury.

WORTHINGTON, BROWNING & REED and KIRK, KIRK & WELLS for appellant.

O. A. STUMP, ROSCOE VANOVER and WILLIS STATON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Francis hollow is a ravine with rising ground on both sides located on the outskirts of Pikeville. The

tracks of the Chesapeake & Ohio Railway Company cross this hollow near its lower end on a fill that was constructed in 1905.    Extending from the fill up Francis hollow is a street called Kentucky avenue.  In the year 1918 the railway company, under some kind of an agreement with the city, constructed a catch basin and sewer in Kentucky avenue for the purpose of taking care of the surface water that drained into Francis hollow, which is a natural water course.  Notwithstanding the construction of the catch basin by the railway company, the water at times backed up and along Kentucky avenue.

Charging that its property located on Kentucky avenue was injured by the backing up of the water, and that this was due to the negligence of the city of Pikeville and the railway company, the Pike County Realty Company brought this suit to recover damages.  A peremptory instruction was given in favor of the city, and the jury awarded plaintiff damages against the railway company in the sum of $858.00.  The railway company appeals.

Appellant first insists that it was entitled to a peremptory instruction.  In support of this position the argument is as follows: The catch basin was constructed on Kentucky avenue, and not on the premises of appellant.  Having made proper provision to carry off the surface water, appellant was under no duty to maintain the catch basin in proper condition, but that duty devolved upon the city.  As the obstruction of the natural flow of water through Francis hollow was due to the construction and maintenance of the fill by appellant, and as appellant undertook to remedy the condition by providing facilities for carrying off the water, we think it was under the duty to maintain those facilities in proper condition; and, there being evidence that the flow of water was obstructed by the debris which was permitted to accumulate in the catch basin, it can not be doubted that appellant's liability for the consequent injury was a question for the jury.

Instruction No. 2 authorized a recovery for any damage sustained during the period of five years preceding the first day of September, 1922.  As appellee owned the property only from August, 1919, to September, 1921, the instruction was clearly erroneous, and the recovery should have been limited to that period of time.

In instruction No. 3 the court fixed the measure of damages as the diminution, if any, in the rental value of said house and lot, "and such injury, if any, as has been

done the plaintiff's house thereby." As the property in question was rented out, the first part of the instruction is correct, but the latter part of the instruction is erroneous in that it furnished the jury no guide by which to measure the injury to the house. C., N. O. & T. P. Ry. Co. v. Gillispie, 130 Ky. 213, 113 S. W. 89. In such a case the correct measure of damages is a sum sufficient to restore the property to the condition it was in prior to the injury, and to compensate for the diminution in the rental value of the property during the continuance of the injury. Southern Ry. Co. v. A. M. E. Church's Trustees of Harrodsburg, 121 S. W. 972; Board of Park Commissioners of City of Louisville v. Donahue, 140 Ky. 502, 131 S. W. 285.

Judgment reversed and cause remanded for a new trial consistent with this opinion.