## Talbert et al. v. City of Winchester.

Feb. 24, 1939.

W. J. BAXTER, Judge.

C. F. SPENCER for appellants.
STANLEY CLAY for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER— Affirming.

The appellants, plaintiffs below, own a house and lot in Winchester, Ky., which fronts 50 feet on the east side of North Highland Street and runs back 120 feet to Kerr's Alley. They brought this suit in equity against appellee, City of Winchester, defendant below, alleging that for five years immediately preceding the bringing of this suit the city wrongfully constructed and maintained a pipe, or culvert, which leads the wa-

ter from a ditch the city wrongfully dug on the east side of this alley to a ditch on the west side thereof, with such force it cuts through the ditch on the west side of the alley and overflows plaintiffs' back yard whenever any considerable rain falls; that this water stands on plaintiffs' back premises for days after a hard rain, and has caused plaintiffs to suffer damages in the sum of $500 in the use of their property and by reason of illness in their family as the direct and proximate result of the city's wrongful act in thus diverting surface water from the east side of Kerr's Alley onto their property; and that the city should be enjoined from turning this water onto the plaintiffs' premises.

The first paragraph of the answer is a traverse and in a second paragraph the city pleads plaintiffs' property was located in a low place and that the conditions complained of are the result of natural drainage. By an amended petition plaintiffs allege that the negligence of the city in constructing and maintaining its culvert and ditches during the last five years has diverted this water onto plaintiffs' premises. Plaintiffs filed a reply traversing the affirmative matter in the answer and defendant controverted of record the amended petition. The record does not show a motion asking for an issue out of chancery, nor is there any order directing a trial of such an issue by a jury, but without objection from either party, trial before a jury was had on the issue of whether or not the city wrongfully diverted this water onto the plaintiffs' premises and thereby injured their health and damaged them in the use of their property. The trial resulted in a verdict for the defendant.

After the trial of the issue out of chancery, plaintiffs offered to file a second amended petition alleging the city has had for the last five years a sanitary sewer running along both Kerr's Alley and North Highland Street and has had ordinances requiring citizens residing within the city to connect their toilets with this sanitary sewer; that the city has negligently and wrongfully failed to enforce such ordinances in the neighborhood of plaintiffs' property, and has suffered or permitted six or seven open toilets to be maintained along Kerr's Alley and Highland Street in the vicinity of plaintiffs' property, and during rains fecal matter washes from these open toilets onto plaintiffs' premises creating a public and private nuisance. The city ob-

jected to the filing of this second amended petition, which objection was sustained by the court, and this pleading was tendered and ordered made a part of the record. Clearly, the court was correct in refusing to allow this pleading to be filed, as the city cannot be held liable for a nuisance produced by others acting without its authority or permission. City of Bowling Green v. Stevens, 205 Ky. 161, 265 S. W. 495. We are unacquainted with any authority making a city liable where private individuals violate ordinances, and counsel have cited us to none.

Judgment was entered on the verdict of the jury trying the issue out of chancery. On the question of enjoining the city from turning water on the plaintiffs' premises, the only evidence considered by the court was that heard by the jury on the issue out of chancery, and the court refused the injunction and dismissed plaintiffs' petition. Plaintiffs' motion for a new trial having been overruled, they are here with a bill of exceptions on an appeal from the judgment.

The plaintiffs place their main reliance for reversal on the instructions given by the trial judge. A careful reading of these instructions shows they are not in the most artful or skillful form and they follow the language of the pleadings, yet, they substantially tell the jury that if the water within the last five years prior to the bringing of this suit was wrongfully diverted from its natural course and turned onto plaintiffs' premises by the city, thereby injuring plaintiffs' health and damaging plaintiffs' use of the premises, the law is for the plaintiffs. The instructions further tell the jury in substance that if they believe from the evidence the water naturally drained onto plaintiffs' premises, then the city is not liable. Such is the law and the instructions are substantially correct. Board of Trustees of Town of Auburn v. Chyle, 256 Ky. 283, 75 S. W. (2d) 1039, and authorities cited therein.

In the instruction on the measure of damages for the sickness the water may have caused the plaintiffs, the court inadvertently used the phrase "caused by the negligence of defendant's servants." A better phrase would have been, "caused by the wrongful acts of defendant's servants", since the city did not have to act negligently in diverting this water but was liable if it acted wrongfully in so doing. Also, the court did not

define the measure of damages plaintiffs might recover for the injury done their property by reason of this water being diverted thereon. But as the jury did not find any damages were suffered by the plaintiffs in the use of their property it cannot be said the failure of the court to give the jury a yardstick with which to measure these damages was prejudicial to the plaintiffs. The jury was instructed it could find for the plaintiffs on this item the damages they sustained not exceeding $500. Had the jury found plaintiffs were damaged, there would be force in their argument that the court erred in not specifically instructing on the measure of damages. But as the jury found no damages, the plaintiffs were not prejudiced by the failure of the court to specifically instruct on the measure of damages. Under all the facts and circumstances in this case we are not prepared to say the two irregularities in the instructions were prejudicial to the plaintiffs.

The evidence was very conflicting. The plaintiff, Lillie Talbert, and her witnesses testified this culvert and ditch had been constructed within the last five years and that no water ran from Kerr's Alley onto her premises previous to the time the culvert and ditch were constructed, but that since their construction her back premises have been badly flooded after each ordinary rain. For the city, Newt Fox, its street foreman, testified the ditches and culverts were constructed in 1930 and their construction did not increase the flow of the water on the premises of the plaintiffs. J. M. Walker, a civil engineer, who has done much work for the city, testified the ditches and the culvert did not divert the natural flow of the water and only the natural drainage of surface water goes onto plaintiffs' property, or to express it another way, these ditches and the culvert take care of the natural drainage. John McCloud, a mechanic in the county garage located on this alley and who has worked there for 14 years and who has been familiar with this situation through these years, testified that if this culvert were not there, the water would naturally flow over the alley at this point and onto plaintiffs' property whenever any material amount of rain fell. The jury was taken to the alley and viewed the culvert, the ditches, and plaintiffs' premises. Under such conflicting evidence we will not disturb the judgment of the chancellor in refusing to grant an injunction against the city.

168

Perceiving no error in the judgment in this case, it is affirmed.