## Riggs et al. v. Ketner.

April 27, 1945.

Sawyer A. Smith for appellants.

Northcutt & Northcutt for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Appellants, William V. Riggs and wife, Mary, instituted this action against Flora C. E. Ketner to enjoin her from draining water onto their lot and to recover $1,500 damages. By answer and counter-claim Miss Ketner asserted a prescriptive right to drain water from her lot through a pipe which ran under appellants' lot and emptied into a city sewer. She asked that appellants be mandatorily enjoined to remove an obstruction they placed in this pipe, that they be required to restore the pipe to its former condition and that she recover $2,000 damages.

Upon a hearing the chancellor dismissed the petition and adjudged that appellee on her counter-claim was entitled to have the obstruction removed from the drain pipe but all other relief was denied her. During the term at which this judgment was entered both parties moved the court to set aside and modify the judgment. These motions were filed in June 1944 and were overruled the following November, at which time an appeal was granted to the Riggs. Miss Ketner was granted a cross-appeal by this court under sec. 755 of the Civil Code of Practice.

At the outset we must dispose of appellee's contention that as the Kenton Circuit Court is one of continuous session the chancellor lost jurisdiction of the case

sixty days after the judgment was rendered in June, therefore he was without authority to grant the appeal the following November. Since the motion was made within a few days after the rendition of the judgment in June, 1944, the judgment was automatically suspended until the chancellor passed on the motion, and he had power after the term to overrule the motion and to grant the appeal. Welch v. Mann's Ex'r, 261 Ky. 470, 88 S. W. 2d 1; Algee v. Algee, 168 Ky. 362, 182 S. W. 197. Appellants insist that this rule applies only in a case of a default judgment. But the only distinction that the Algee opinion makes between a case where the motion is to vacate a judgment rendered after a trial on merits and one where the motion is to vacate a default judgment, is that in the former the motion must be made within the time prescribed by statute (except in actions brought pursuant to secs. 344 and 518 of the Civil Code of Practice), while in the latter the motion may be made at any time during the term; in each instance the motion, if seasonably made, suspends the judgment and leaves the court with power to act thereon after the term.

The record shows that appellee's lot faces on Wallace Avenue and appellants' property is just to the rear and fronts on Sterret Avenue. Wallace Avenue is about 60 feet higher than Sterret Avenue and the natural drainage of surface water from appellee's lot is over the property of appellants. Both pieces of property are in what was known as Wallace Woods and were formerly owned by a Mr. Wallace. Originally, appellants' property was in a ravine, but when Sterret Avenue was constructed about the turn of the century this ravine was filled with dirt. To take care of the surface water which naturally flowed into the ravine, Wallace laid a 10-inch terra-cotta drain pipe leading from the lot now owned by appellee across the lot now owned by appellants and ran it into a trunk sewer something like 1,000 feet beyond Sterret Avenue. This pipe evidently was laid before the fill was made as it was 10 feet 8 inches under the present surface of appellants' lot. The pipe was below the level of the city sewer on Sterret Avenue, therefore it was necessary to extend it beyond the avenue so as to run it into a lower city trunk sewer.

Appellants acquired their property in 1937. There was no reservation in their deed and they did not know of this drain pipe until 1943 when it broke and flooded

their property. They dug into their back yard and discovered the pipe and they traced it to a surface drain, or catch-basin, on appellee's lot. They plugged the pipe with concrete where it was broken, thereby preventing the water from draining from appellee's property.

It is insisted by appellants that appellee has no prescriptive right to use this pipe as it was concealed 10 feet under ground and they were not aware of its existence or of appellee's use thereof and her use was not open, notorious, visible and hostile to them, citing such authorities as 2 C. J. S., Adverse Possession, sec. 41, p. 554; Flinn v. Blakeman, 254 Ky. 416, 71 S. W. 2d 961; Riley v. Jones, 295 Ky. 389, 174 S. W. 2d 530; Ely v. Fuson, 297 Ky. 325, 180 S. W. 2d 90.

But appellants lose sight of the fact that appellee's right to use this pipe had ripened into a grant long before they acquired their property. Wallace, while the owner of both pieces of property, laid the pipe about 1900 to take care of the natural drainage of the higher lot now owned by appellee over the lower lot now owned by appellants. Appellee's parents and predecessors in title bought the upper lot in 1904 and certainly the statute started running against Wallace not later than that date and ripened into a prescriptive right in 1919, which was 18 years before appellants purchased their property.

Appellants do not deny the rule of the civil law that the lower estate is subject to the easement or servitude of receiving the natural flow of surface water from the upper estate. Dugan v. Long, 234 Ky. 511, 28 S. W. 2d 765; Board of Trustees of the Town of Auburn v. Chyle, 256 Ky. 283, 75 S. W. 2d 1039. Their contention is that appellee under this rule had no right to increase the servitude of their lower property by reason of this pipe, or any other artificial means, which changed the natural course of the water or caused it to collect and to be cast upon the lower estate in an unnatural volume. Steinke v. North Vernon Lumber Co., 190 Ky. 231, 227 S. W. 274; Stone v. Ashurst, 285 Ky. 687, 149 S. W. 2d 4. The answer to this contention is the same as was made in City of Ludlow v. Broderick, 181 Ky. 123, 203 S. W. 1082, this pipe had been in use for more than 15 years and thereby appellee acquired a prescriptive right to run water through it in the manner and quantity she was doing when this action was brought.

The chancellor required appellants to remove the plug they put in the pipe and in the circumstances this was all the relief to which appellee is entitled. She proved no damages by reason of appellants plugging the pipe, and when the court by mandatory injunction required them to unstop it, the pipe was restored to the same condition it was in before appellants plugged it up. This was all the court required in Henry v. Koch, 80 Ky. 391, 398, 44 Am. Rep. 484. When the plug is removed the water from appellee's lot will flow through this pipe as it formerly did, and should appellants prefer to have it overflow their property rather than to repair the broken pipe and conduct it to the sewer, appellee is in no position to complain unless the water should back up on her premises, or otherwise inconvenience her or damage her, which is not apt to happen. Hence, the instant case is distinguished from Chesapeake & O. Ry. Co. v. Pike County Realty Co., 208 Ky. 279, 270 S. W. 764, where the Railroad's failure to keep the drain in repair caused water to back up on the Realty Company's property.

The judgment is affirmed on both the appeal and the cross-appeal.