JOHN F. RAMBERG

*v.*

SWEN G. WAHLSTROM.

*Filed at Ottawa January 18, 1892.*

1.  TENANTS IN COMMON—*right of one to buy adverse interest.*   Tenants in common stand in such confidential relations as to one another's interest, that one of them is not permitted, in equity, to acquire an interest in the property hostile to that of the other.   Therefore a purchase by one of an incumbrance on the joint estate, or an outstanding title to it, is held, at the election of the other tenant, within a reasonable time, to inure to the benefit of both, upon contributing an equal part of the consideration actually paid.

2.  SAME—*tenants in common of leasehold estate—right of one to acquire the fee.*   One of two tenants in common in a leasehold estate may, before the expiration of their estate, purchase of the landlord the fee

for his own exclusive benefit, but he will not thereby acquire any right greater than his grantor had.

3. There being no hostility between the title of a landlord and that of his tenants, no conveyance by him of the fee can possibly affect the rights of his tenants, and as to the fee held by the landlord, tenants in common for a term of years can owe no different duty to each other than they do in respect to any other distinct estate, for their privity does not extend to the estate remaining in their landlord.

APPEAL from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge presiding.

Mr. HIRAM BARBER, and Mr. E. U. FLIEHMANN, for the appellant:

The remainder in the landlord was in no sense hostile to the leasehold estate. Then why should not the lessee, Ramberg, buy the same and hold it in his own right? There was nothing in his so doing inconsistent with any duty he owed to his co-tenant. *Montague* v. *Selb*, 106 Ill. 58; *Park Comrs.* v. *Coleman*, 108 id. 597.

Mr. M. A. DELANY, and Mr. WILLIAM H. MOHRMANN, for the appellee:

All acts of a co-tenant relating to or affecting the common property are presumed to be done for the common benefit of all the co-tenants. *Park Comrs.* v. *Coleman*, 108 Ill. 591.

The rights of tenants in common are identical. The possession of one is the possession of all. The act of one as respects the common property accrues to the benefit of all, if they will contribute to a *pro rata* payment of the expenses incurred. One can not buy an outstanding title, a prior title, or a tax title, and set it up against the others, without giving them a right to contribute. Such a purchase would be for the benefit of all. 1 Washburn on Real Prop. 417, 418, 430, 431; *Colburn* v. *Mason*, 23 Me. 434; *German* v. *Machin*, 6 Paige's Ch. 288; *Barnard* v. *Pope*, 14 Mass. 434; *Brown* v.

*Wood,* 17 id. 68; *Catlin* v. *Kidder,* 7 Vt. 12; *McClung* v. *Ross,* 5 Wheat. 116; *Allen* v. *Hall,* 1 McCord, 131; *Poage* v. *Chinu,* 4 Dana, 50; *Thomas* v. *Hatch,* 3 Sumn. 170; *Lee* v. *Fox,* 6 Dana, 176; *Clymer* v. *Dawkins,* 3 How. 674; *Titsworth* v. *Stout,* 49 Ill. 78; *Venable* v. *Beauchamp,* 3 Dana, 326; *Thornton* v. *York Bank,* 45 Me. 158; *Story* v. *Saunders,* 3 Humph. 663; *Thurston* v. *Masterson,* 9 Dana, 234; *Brown* v. *Graham,* 24 Ill. 628.

If one joint tenant purchase in an adverse title or acquires an older legal title, it will inure to the benefit of his co-tenants, if they will contribute *pro rata* toward defraying the expense thereof. 1 Washburn on Real Prop. 410; *Picot* v. *Page,* 26 Mo. 398; *Gossam* v. *Donaldson,* 18 B. Mon. 230; *Brittain* v. *Handy,* 20 Ark. 381.

Mr. Justice Scholfield delivered the opinion of the Court:

Appellant and appellee were tenants in common, for a term of years, of a certain lot in the city of Chicago. Eight days before the term expired appellant purchased and obtained from their landlord a deed of the fee of the premises, and he attempted to assert certain rights in regard to the leasehold property by virtue of that deed. The circuit court decreed that appellant, being a tenant in common for a term of years, could not, in equity, without the consent of appellee, become the owner of the fee, and that he therefore held the title of the fee in trust for appellee as well as for himself, upon contribution being made by appellee for one-half the amount paid for the fee. In this we think there was error. The rule is, as contended by counsel for appellee, that tenants in common stand in such confidential relations in regard to one another's interest, that one of them is not permitted, in equity, to acquire an interest in the property hostile to that of the other, and that therefore a purchase by one tenant in common of an incumbrance on the joint estate, or an outstanding title to it,

is held, at the election of the other tenant in common, within a reasonable time, to inure to the equal benefit of both, upon his contributing an equal part of the consideration actually paid. *Bracken et al.* v. *Cooper et al.* 80 Ill. 221.

But this rule is limited, by its own terms, to the acquisition of hostile interests, and so here, if appellant had purchased a title adverse to the title of the landlord of appellant and appellee, or an incumbrance upon that title, whereby the term of appellant and appellee would be affected, the rule should be enforced. But there is no hostility between the title of the landlord and that of his tenant, and no conveyance by the landlord of the fee can possibly affect the rights of the tenant in possession, the purchaser and grantee of the fee simply taking the place of the grantor. It is immaterial that appellant may have claimed what he is not entitled to assert under this deed. He has, by virtue of it, no rights that his grantor did not have, and he has acquired thereby no rights to the leasehold property inconsistent with the terms of the lease. As to the fee held by the landlord, tenants in common for a term of years can owe no different duty to each other than they do in respect to any other distinct estates, for their privity does not extend to the estate remaining in their landlord. The reason for the rule not existing in such cases, the rule itself can have no application. See Freeman on Co-tenancy, sec. 155.

The decree is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Decree reversed.*