CASE 102—PETITION ORDINARY—January 19.

# Riglesberger v. Bailey.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

1. DEFAULT JUDGMENTS—MOTION TO SET ASIDE—PRACTICE IN CIVIL CASES.—The motion to set aside a default judgment may be made at any time during the term at which the judgment is rendered; and the requirement of section 342 of the Civil Code that applications for new trials shall be made "within three days after the verdict or decision is rendered, unless unavoidably prevented," has no application to such motion.

·C. H. THOMAS FOR APPELLANT.

1. A motion for a new trial must under the provisions of sec. 342 of the Civil Code be made three days from the rendition of the judgment, unless it comes within some of the exceptions provided in sec. 340 of the Civil Code.
2. After default judgment has been rendered if the defendant desires a new trial on account of accident or surprise he should tender an answer presenting a good defense. Hayman v. Hallam, 79 Ky., 389.
3. And when a party seeks to have a judgment set aside he should show that he has been guilty of no lack of diligence. Alexander v. Lewis, 1st Met., 407.

. JAMES CAMPBELL FOR APPELEEE.

1. The court having heard evidence on the motion to set aside the judgment, and that evidence not being before this court by Bill of Exceptions or otherwise, the presumption must be indulged that the evidence justified the action of the court. Dehoney v. Sanford, 11 Bush, 170; Mead v. Nevill, 2d Duval 281; Mars v. Prather, 3 Met., 196; Smith & Thornton v. Curtis, 1 Duval, 281.
2. The plaintiff's petition was defective and the court at any time during the term had the power and it was its duty to set aside the judgment.
3. But if the petition is good, a motion made during the term and more than three days after the rendition of default judgment should be sustained, where an answer showing a good defense is tendered. Hayman v. Hallam, 79 Ky., 398; Enc. Pleading and Practice, vol. 6, page 149.

Riglesberger v. Bailey.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

After judgment by default against her the appellee appeared at same term and, tendering a good defense, moved to set aside the judgment. The motion was taken under advisement and at a subsequent term, after hearing evidence on the motion, the court sustained it, and ordered the answer filed. On a trial of the case on its merits judgment resulted in favor of the defendant. No bills of evidence or exception respecting either the motion to set aside the judgment or the trial of the case are presented in the record. We are, therefore, not asked to consider any question raised on the final trial; but it is insisted that a judgment by default—like one rendered after a trial—can not be set aside after the expiration of three days from its rendition. We do not so understand our Code, and this is certainly not the general practice.

"A new trial is a re-examination in the same court of an issue of fact after a verdict by a jury or a decision by the court" * * * (section 340, Civil Code.) "The application for a new trial must be made at the term in which the verdict or decision is rendered; and, except for the cause mentioned in section 340, subsection 7 (newly-discovered evidence), shall be within three days after the verdict or decision is rendered, unless unavoidably prevented." (Section 342, Civil Code.)

Upon a default judgment there has manifestly been no trial, verdict or decision within the meaning of the foregoing provisions as to new trials, and we think, therefore, the provision as to application within three days is inapplicable. There being no provision controlling the matter

[39]

the common law rule must prevail by which courts have control over their judgments during the term at which they are rendered, and consequently motions to set aside such judgments may be made at any time during such term. There would seem to be, moreover, no special reason for requiring motions of this kind to be made within three days. · This court has several times said there is good reason for requiring motions for a new trial after verdict of a jury or trial by a court to be made speedily; that is the danger that the incidents of the trial may be forgotten or remembered differently. No such reasons exist as to default judgments, and while a contrary view seems to have been taken in Harris v. Ray, 15 B. M., 628 (1855), we are not disposed to follow it and extend the application of technical rules when not required to apply them either by the letter or the reason of the law. The case cited has long ceased to be generally followed and is overruled. ·

As aptly said by Chief Justice Ewing, when considering prejudicial instructions, although exceptions to them had not been saved in due form (3 B. M., 421), "justice should never be entangled in the cobwebs of technical forms."

The failure of the appellee in this case to file her answer on the calling of the case was due to the necessary absence of her attorney and the unexpected call of the civil docket because the indictments in criminal cases had been stolen and the call of that docket postponed.

The judgment is affirmed.