# Eva Mauzey, et al., minors, etc., v. James Edward Dazey, et al.

1. DECREE—*right of minors to impeach, for fraud.* An infant defendant to a bill has a right at any time during his minority, by his next friend or guardian, to file an original bill to impeach a decree either for fraud or for error apparent upon the face of the proceedings; he is not bound to proceed by way of rehearing or by bill of review.

2. TENANT IN COMMON—*right of, to purchase outstanding interest in land.* Where a tenant in common purchases an outstanding title in land belonging to himself and others holding as co-tenants, such purchase will inure to the benefit of all such co-tenants.

Proceeding to impeach decree for fraud. Appeal from the Circuit Court of Shelby County; the Hon TRUMAN E. AMES, Judge, presiding. Heard in this court at the November term, 1903. Reversed and remanded. Opinion filed June 28, 1904.

GEORGE B. RHOADS, for appellants.

R. M. PEDRO and E. A. RICHARDSON, for appellees.

MR. JUSTICE GEST delivered the opinion of the court.

This is an original bill to impeach the decree of distribution in a partition suit on the ground of fraud. The defendant, Dazey, who is the defendant charged with the fraud, demurred generally to the bill; the court sustained the demurrer and dismissed the bill.

Thomas Banks died intestate, seized of 160 acres of land in Shelby county, and leaving his widow, Tabitha Banks, and his heirs, three adult daughters and the complainants herein, his grandchildren, children of a deceased daughter. The three adult daughters conveyed their interest in the lands to the defendants, Dazey and Askins. The widow, Tabitha Banks, was entitled to dower and homestead in the premises. The original bill was for assignment of dower and homestead to the widow and partition among the remaining parties, owners in fee. The rights and interests of the several parties were properly ascertained and adjudged, commissioners were appointed who reported the lands not susceptible of division, the widow filed her con-

sent in writing to the sale of her homestead and dower interests, and decree of sale of the entire premises was entered. Sale was made by the master on April 19, 1902, and the master's report thereof was filed April 29, 1902. On June 2 reference to the master was made to compute the value of the homestead and dower interests of the widow. Defendant Dazey appeared before the master and his testimony was taken, and the master on June 30, 1902, reported the value of the widow's interests at $2,221.38, and thereupon on the same day the court entered its order confirming the report and directing payment to the widow of said sum of $2,221.38, and to each of these complainants $884.38, and to Dazey and Askins each $3,979.95. The lands were sold by the master to defendants Dazey and Askins for $13,750. The master paid to the guardian of complainants the said sum directed to be paid to them and to said Dazey and Askins the said sums provided to be paid to them. The bill, after stating at length the foregoing matter, further avers that Dazey on April 26, 1902, purchased of said Tabitha her dower and homestead rights in said premises for the sum of $1,228 and took from her receipts signed by her and bearing that date and running to the master in chancery in full of distributive share for dower and homestead in said cause, but leaving blank the words and figures denoting the amount; that the written part of said receipts was in the handwriting of B. F. Wilson, who was the attorney of said Tabitha and the guardian *ad litem* of said complainants; that Dazey concealed the fact of his having bought the widow's interests and that after the termination of said suit and after the adjournment of the June term of said court he presented said receipts to the master, who filled therein the blanks for the amount of said widow's interests as reported by him, and paid the amount to Dazey, who still holds and claims the same as his profit; that complainants are minors under the care and protection of the court and knew nothing of the said matters until after the termination of the said cause and the adjournment of said

term of court. The bill also sets up certain irregularities in the proceedings; that no answer was filed by the guardian *ad litem* for Nellie Mauzey; that the decree for partition was made and entered before any answer was filed for Eva and Addie Mauzey, and that no notice was given to these minors or their guardian of the taking of proof by the master concerning the value of the widow's interests, and that the same was taken without their knowledge, but no charge against Dazey is based thereon.

The scope of this bill is not to set aside the decree for partition, but to readjust the decree for distribution, and if such irregularities exist they more concern the purchasers of the lands than these complainants. The bill prays for a modification of the said decree fixing the amount of said widow's interests, and that the same may be fixed at the sum of $1,228, the amount paid by said Dazey to her, and for distribution to them of their one-quarter of $993.34, the difference between the amount paid and the amount received by Dazey on account of said dower, and for general relief.

"The right of an infant defendant to a bill, at any time during his minority, by his next friend or guardian, to file an original bill to impeach a decree against him, either for fraud or for error apparent on the face of the proceedings, is well established in this court. He is not bound to proceed by way of rehearing or by bill of review." Stunz v. Stunz, 131 Ill. 318. These complainants and Dazey and Askins were tenants in common in these premises. If one tenant in common purchase an incumbrance upon the common property or an outstanding title thereto it will inure to the equal benefit of all the co-tenants upon their paying their *pro rata* shares of the actual consideration paid. Ramberg v. Wahlstrom, 140 Ill. 182; Bracken v. Cooper, 80 Ill. 221; Montague v. Selb, 106 Ill. 49, and many other cases to the same effect. There is no diversity of decision on this proposition. This doctrine applies to the purchase or release of dower and homestead. Wilton v. Tazewell, 86 Ill. 29. Dazey purchased the widow's interest of dower and homestead before it had been set off, while it was still an incum-

brance on the common property, a mere right of action, not assignable, and extinguishable only by release to the owners of the fee as he and his co-tenants then were. The, amount found and reported by the master as the value of the widow's interest availed nothing until it was fixed and determined by the order of the court approving his report and directing its payment. He concealed from complainants his transaction with the widow; he bought for $1,228; he was bound to disclose the fact; he fraudulently concealed it for the purpose of taking from these infant complainants a portion of their estate. A court of equity will not tolerate such a transaction. The bill, though not couched in precise terms, is sufficient; the demurrer should have been overruled.

The decree is reversed and the cause remanded with directions to overrule the demurrer and further proceed in conformity with the views herein expressed.

*Reversed and remanded.*