## J. E. Dazey v. Eva Mauzy et al.

1. DECREE—*when not set aside.* A decree fairly sustained by the evidence will not be disturbed on review.

Proceeding to impeach decree for fraud. Appeal from the Circuit Court of Shelby county; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

R. M. PEADRO, for appellant.

GEORGE B. RHOADS, for appellees.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

This case was before this court at the November term, 1903, upon an appeal from a hearing had upon a demurrer to the bill of Eva Mauzy et al., minors, v. J. E. Dazey. A statement of the law as held applicable to the averments in the bill appears in the opinion filed in said cause in 114 Ill. App. 652.

In that opinion we held that the allegations in the bill were sufficient to entitle the complainants therein

(appellees here) to the relief prayed and reversed the order sustaining a demurrer to the bill and remanded the cause to the Circuit Court of Shelby ·county for further action in conformity with such opinion. Since that time the cause has been tried in such Circuit Court upon the evidence and a decree rendered in favor of said Eva Mauzy et al. and against J. E. Dazey in the sum of $248.83, from which decree Dazey has appealed.

The record shows the situation in this case to be substantially as follows: Thomas Banks died in September, 1901, owning one hundred and sixty acres of land. He left surviving him a widow, who was entitled to both dower and homestead interests in said lands, three adult daughters, and three grandchildren, appellees in this case. Such children and grandchildren inherited from said Thomas Banks, deceased, as follows: Each of said adult daughters the undivided one-fourth subject to the said dower and homestead rights, and appellees the undivided one-fourth interest, also subject to such homestead and dower rights.

After the death of Thomas Banks, the adult daughters conveyed their interests in said premises to said Dazey and one J. W. Askins, and appellant thereby became a tenant in common with appellees in said land. A partition suit was instituted in the Circuit Court of Shelby county, setting up the interests of the said purchasers, the widow and appellees. The premises were found to be indivisable and were appraised. The widow consented to a sale of her homestead and dower rights and agreed to take the then value of such rights in cash. The land was sold by the master in chancery for the sum of $13,750. After the sale, but before the cash value of the widow's said rights had been fixed or determined and before any decree for distribution had been made, appellant bought from said widow her full rights in said farm for the sum of $1,228, and took from her a receipt in which the amount she received. was left blank, which blank was not filled until later,

when it became necessary to fill it in order to draw the funds then in the hands of the master in chancery.

The receipt from the widow was made on the twenty-sixth day of April, 1902, the report of sale was filed three days later, and the testimony taken on the third day of June following, upon which the cash value of the widow's dower and homestead rights was fixed at $2,221.38, and upon that basis the amount going to appellees was then determined. Upon such hearing before the master in chancery, when the then cash value of the widow's homestead and dower rights was fixed, appellant was the only witness who gave testimony as to the widow's age, etc., in order to determine the value of such rights of which he was at that time the owner and for which he had paid only $1,228. He, by his testimony, induced the fixing of the value of the rights of the widow at $2,221.30, but did not disclose to the master in chancery, to any of the appellees, their father, or to any one for them, or to the court, the fact that he owned an interest in the common fund, the value of which he was trying to swell to the extent of nearly $1,000 and thereby obtain an order for distribution which would take from the appellees $248.34 more than in equity he was entitled to have them contribute toward the discharge of the said homestead and dower rights.

Appellant remained absolutely silent upon a matter which his relation to appellees required him to disclose, and by that means sought to have the court take from the infant heirs a sum largely in excess of what he had in fact paid upon their account to procure the said release.

All interests had been sold and nothing remained for the court to do but fix the cash value of the widow's interest and order distribution. Under such circumstances to allow appellant to withhold from the common fund any sum to reimburse himself for a payment which he claimed, but had not made, would be to toler-

ate a fraud, which a court of equity should condemn, but never excuse.

The evidence amply sustains the decree of the court below and the decree is affirmed.

*Affirmed.*