## Algee v. Algee.

(Decided February 9, 1916.)

### Appeal from McCracken Circuit Court.

1.  Judgment—Judgment on Merits—Judgment by Default—Control of
    After Term.—Where defense is made and, after trial, a judgment
    is rendered on the merits, the court, after the expiration of the
    term at which the judgment is rendered, loses control of the judg-
    ment, except in actions brought pursuant to sections 344 and 518,
    Civil Code, unless the motion for a new trial, or to set aside the
    judgment, is made within the time prescribed by the statute. But
    a motion to set aside a default judgment, made at any time during
    the term at which it is rendered, suspends the judgment and the
    court has power after the term to sustain the motion and set
    the judgment aside.
2.  Judgment—Default Judgment—Power to Set Aside.—Discretion.—
    In the matter of setting aside default judgments, trial courts have
    a wide discretion, which will not be interfered with except in
    case of abuse.
3.  Divorce—Husband and Wife—Judgment as to Property Rights—
    Restoration of Property—Alimony—Error.—It is not error to set
    aside a judgment awarding to the wife certain property which

she acquired from her husband during the marriage and in consideration and by reason thereof, on the ground that its value was no more than the alimony to which she was entitled, where no claim for alimony was presented and the relief was granted on the condition that she amend her pleadings and present her claim for alimony.

OLIVER & OLIVER for appellant.

SAMUEL H. CROSSLAND for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On May 5th, 1911, Mary Algee sued her husband, John B. Algee, for divorce. After setting out her grounds for divorce, she alleged that she was the owner of and in possession of certain real estate and personal property, which she asked to be adjudged to her and her title thereto quieted as against the defendant. On the same day the petition was filed, summons was issued and properly served on the defendant. On May 11th, 1911, plaintiff took the depositions of certain parties to support her grounds for divorce. The May term of the McCracken Circuit Court began on May 15th, 1911. Defendant neither answered nor otherwise appeared in the action. On Wednesday, May 17th, the cause was submitted. On May 19th, a default judgment was rendered, granting plaintiff a divorce, adjudging that she was the owner of the property described in the petition and striking the action from the docket. On June 24th, 1911, and during the same term of court, the defendant appeared in open court and entered a motion to set aside the judgment. At the same time he tendered his answer, which was ordered lodged. No action on the motion was taken at that term. Subsequently the papers in the case were lost.

On June 30th, 1911, defendant, John B. Algee, brought an independent action against plaintiff pursuant to section 425 of the Civil Code, for the purpose of having restored to him the property in controversy. To this action Mary Algee filed an answer, pleading the judgment of May 19th, 1911, as a bar to the right of her husband to recover.

On June 29th, 1912, the case of Mary Algee against John B. Algee was reinstated upon the docket and was later consolidated with the case of John B. Algee against

Mary Algee. Proof was then taken on the ownership of the property and it conclusively appeared that the property was bought and paid for by the husband and was conveyed to the wife solely in consideration and by reason of the marriage. On final hearing the chancellor set aside that portion of the judgment of May 19th, 1911, awarding the wife the property in question, and adjudged the husband to be the owner of the property and ordered it to be surrendered to the husband. Mary Algee was given the right to amend her pleadings and present her claim for alimony, and for this purpose the cause was continued. Mary Algee appeals.

The first point made is, that the court had no power to set aside the judgment of May 19th, 1911, after the expiration of the term at which it was rendered. The rule deducible from the authorities is as follows: Where defense is made and, after trial, a judgment is rendered on the merits, the court, after the expiration of the term at which the judgment is rendered, loses control of the judgment, except in actions brought pursuant to sections 344 and 518, Civil Code, unless the motion for a new trial, or to set aside the judgment, is made within the time prescribed by the statute. On the other hand, where judgment is rendered by default, a motion to set aside the judgment, made at any time during the term at which it is rendered, suspends the judgment and the court has power after the term to sustain the motion and set the judgment aside. Williams v. Williams, 107 Ky., 496; Riglesberger v. Bailey, 102 Ky., 608, 19 R., 1660; Pennsylvania Fire Insurance Co. v. Young, 25 R., 1350; Petty v. Wilbur Stock Food Co., 32 R., 957; Aulbach's Ex'r v. Read, 25 R., 1132, 77 S. W., 204; Kremer v. Leathers, 24 R., 1151; Trapp v. Aldrich, Receiver, 23 R., 2430. In the case under consideration, John B. Algee neither pleaded nor otherwise appeared. So far as the property was concerned, there was no trial and no decision or judgment on the merits. On the contrary, judgment was rendered by default, and as the motion to set aside the judgment was made during the term at which it was rendered, it follows that the court had the power, after the expiration of the term, to set aside the judgment. In the matter of setting aside default judgments, trial courts have a wide discretion, which will not be interfered with except in case of abuse. A careful exami-

nation of the facts convinces us that there was no abuse of discretion in this case.

It is further insisted that the court should not have set aside the judgment because the value of the property involved does not exceed the amount of alimony to which the wife is justly entitled. As the pleadings stood, no claim for alimony was presented. The husband was clearly entitled to the property. Section 425, Civil Code. And as the relief was granted on the condition that the wife should be permitted to amend her pleadings and present her claim for alimony, we conclude that she was in no wise prejudiced by the order setting the judgment aside.

Judgment affirmed.