(No. 14644.—Decree affirmed.)
SEYMOUR J. FRANK *et al.* Appellants, *vs.* VICTOR P. FRANK,
Appellee.

*Opinion filed October 21, 1922—Rehearing denied Dec. 8, 1922.*

1. POWERS—*the difference between general and limited powers.* General powers are those which may be exercised by the donee thereof for the benefit of himself or any other person or purpose and may create any estate which the donor could have created, while limited or special powers can be exercised only in favor of certain specific purposes or persons.

2. SAME—*general power does not raise life estate into a fee.* A general power does not have the effect to raise a life estate to a fee, and language conferring a power of disposal on a life tenant ordinarily means such disposal as a tenant for life could make unless the language expressly gives a power to dispose of the fee.

3. SAME—*extent of power is determined by intention of donor.* In determining the extent of the power granted in any case the intention of the grantor or testator is to be gathered from the language used.

4. SAME—*life tenant's power to dispose of fee does not include proceeds of sale.* A life tenant having power to dispose of the fee by sale does not have the right to use up the proceeds of the sale unless such right be expressly given but he will hold the proceeds of the sale in trust, to re-invest and use the income and pay over the principal to the remainder-men.

5. SAME—*when life tenant makes unauthorized exercise of general power.* A life tenant, although given a general power to dispose of the fee, does not have the right to dispose of the fee for a consideration running to herself, alone, and where she conveys the fee to four of her children, who were the remainder-men, in consideration of their agreement to care for her during her life, the deed is invalid as to a fifth child, who was also one of the remainder-men.

6. DEEDS—*effect of deed conveying greater estate than grantor has.* A deed which purports to convey a greater estate than the grantor has is void as to the excess but is operative to pass the estate owned by the grantor.

7. SAME—*when party is estopped to assert non-delivery of deed.* An attorney who drew a deed for his father conveying or reserving a life estate in the mother with remainder in fee to the chil-

dren, and who took charge of the property for his mother after
the making of the deed, is estopped to contend that there was no
delivery of the deed after the mother, under a general power, has
attempted to convey the fee to the other children.

APPEAL from the Superior Court of Cook county; the
Hon. CHARLES M. FOELL, Judge, presiding.

CHARLES H. MITCHELL, and PHIL S. ROE, for appel-
lants.

DANIEL M. HEALY, and HARRY E. KOPALD, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

On September 6, 1916, Julius Frank and his wife,
Emma Frank, conveyed by warranty deed to their five chil-
dren certain real estate in the city of Chicago. In this
deed the following reservation was made: "Saving and ex-
pressly reserving from the operation of the above convey-
ance an estate in favor of said Emma Frank for the term
of her natural life, full power and authority being hereby
reserved in said Emma Frank to sell, convey, mortgage or
lease said premises or any part thereof, it being the inten-
tion hereof that said Emma Frank shall have full and abso-
lute control of said premises during her lifetime, and may
sell or dispose of the same, renew existing incumbrances
thereon or make other loans and secure the same by mort-
gage thereon, all at her pleasure and without the necessity
of any of the grantees above named joining in any deed,
mortgage or lease." Frank died a few days after the exe-
cution of this deed. On September 20, 1920, his widow
conveyed the real estate by warranty deed to four of the
children named as grantees in the original deed, Perle J.,
Irene, Seymour J. and Milton P., omitting therefrom Vic-
tor P., the appellee, one of the sons of Julius and one of
the grantees in the deed of September 6, 1916. By the

same deed she transferred to said four children her life estate in the premises. The consideration for the deed was set out therein as one dollar, love and affection, and a joint and several agreement on the part of her grantees to provide a home and support and maintain her for the period of her natural life, of a character, dignity and comfort equal to that enjoyed by her prior to the execution of the deed. The consideration included all medical and other attendance in case of illness, and fitting obsequies and a monument in case of her decease. On October 13, 1920, the appellant Seymour J. Frank filed his bill for partition in the superior court of Cook county, setting out that he and the other three children of Emma Frank owned the fee to this property in common and that appellee claimed to have some interest therein, and asking partition and that the claim of appellee be removed as a cloud upon the title to the land. Appellee filed an answer denying the material allegations of the bill. He also filed a cross-bill, in which he contends that he has a one-fifth interest in the fee of said premises; that the deed of September 6, 1916, was not delivered in the lifetime of Julius Frank; that Emma Frank, by her deed of September 20, 1920, sought to exercise an unauthorized power in attempting to convey a fee simple title to the lands in question. The chancellor found there was a valid delivery of the deed of September 6, 1916; that the conveyance of Emma Frank to the four children was void as to appellee; that he is the owner of an undivided one-fifth of said premises in fee simple, subject to the use by the four children named as grantees of the life estate in the deed of Emma Frank for and during her lifetime; that her deed as a conveyance of her life estate was valid to pass that estate to the four grantees named therein, and that the appellee was not entitled to take the benefit of such conveyance of the life estate by contribution to the consideration therefor or otherwise, and decreed partition of the fee

as prayed in the cross-bill of the appellee. Emma Frank and the grantees in her deed appealed.

The appellants contend that the deed of Emma Frank was a proper exercise of the powers vested in her by the deed of Julius Frank, and that the court erred in dismissing their original bill and entering a decree upon the cross-bill of the appellee. Appellee assigns cross-errors on the finding of the chancellor that the deed of Julius Frank was delivered, and upon the denial by that court of his right to participate in the income of the property during the life of Emma Frank upon payment of one-fifth of the consideration set forth in her deed by which such life estate was conveyed.

The question first presented is whether or not the deed of Emma Frank to the four children, by which she conveyed the interest of the appellee in the premises, was void as to him as a wrongful exercise of the power given her by the deed of Julius Frank. Appellants contend that this power was a general, unqualified power, while appellee contends that Emma Frank was not authorized, by the power granted, to dispose of the fee to the property for a consideration running solely for her benefit,—in other words, though given the power to sell she was not given the power to dispose of the proceeds.

· Powers given by deed may be either general or limited. General powers may be exercised by the donee thereof for the benefit of himself or any other person or purpose. Limited powers, or special powers as they are sometimes called, can be exercised only in favor of certain specific purposes or persons. General powers authorize the donee thereof to create any estate which the donor of the power could have created. He may give the fee to whomsoever he pleases, for whatever purpose suits him, and make anyone, including himself, the beneficiary of the appointment. A general power is, in effect, a limitation in fee though it does not have the effect to raise a life estate to a fee. *Powers* v.

*Wells,* 244 Ill. 558; *Ducker* v. *Burnham,* 146 id. 9; *Hamlin* v. *United States Express Co.* 107 id. 443; Sugden on Powers, (8th ed.) 394; Farwell on Powers, (1916 ed.) 8.

It is the general rule that language conferring a power of disposal on a life tenant is regarded as pertaining only to the estate devised, and is interpreted as meaning such a disposal as a tenant for life could make unless the language of the instrument conferring the power expressly gives a general power to dispose of the fee. *Burke* v. *Burke,* 259 Ill. 262; *Powers* v. *Wells, supra; Mansfield* v. *Mansfield,* 203 Ill. 92; *Kaufman* v. *Breckinridge,* 117 id. 305; *Henderson* v. *Blackburn,* 104 id. 227; *Boyd* v. *Strahan,* 36 id. 355.

It is well recognized that in determining the extent of the power granted in any case the intention of the grantor or testator is to be gathered from the language used. The language employed in the deed of Julius and Emma Frank first conveys and warrants to their five children the property in question. After the description of the property the language of the deed clearly reserves or conveys to Emma Frank a life estate and uses the language hereinbefore set out. The rule is stated in Kales on Future Interests (2d ed. sec. 650,) to be, that where a life tenant has power to dispose of the fee by sale such power does not carry with it the right to use up the proceeds of the sale unless such right be expressly given, but that the life tenant will hold the proceeds of the sale in trust, to re-invest, use the income and pay over the principal to the remainder-men.

In *Powers* v. *Wells, supra,* the testator by the third clause of his will made his wife his residuary legatee and devisee, the property given her by the will "to be used and disposed of during her life the same as I might do if living, giving my said wife full power to sell, exchange, invest and re-invest the same as I might do if living, and to distribute the same by gift among my children at any time during her life as to her shall seem meet and proper, and to appoint the same among my said children by last will ac-

cording to her discretion." The will also provided that such portion of the estate as remained undisposed of at the time of her death should go to the testator's children. The question arose whether or not leases given by the wife during her lifetime were terminated by her death. It was in that case held that the words, "to be used and disposed of during her life," meant no more than that the widow should have the use, control and management of the property so long as she lived; that there being no intimation in the will that if she exercise the power of sale the proceeds should be hers to dispose of as she saw fit, the power of sale was to be limited to the purpose of investment and re-investment or distribution of the proceeds; that the widow had no power to make disposition of the land which would interfere with the rights of the remainder-men in the proceeds.

In *Barton* v. *Barton,* 283 Ill. 338, the widow was by a codicil to her husband's will given "power to sell and dispose of my property heretofore given to her in my will whenever she believes it may be to advantage to sell any of the same, and for the purpose of such power she shall be authorized to execute and deliver deeds of conveyance of full and absolute title to the same without claim of title by any person referred to in my said will." By the will she had been given a life estate in the property of the testator. It was there held that the language used gave the widow only the power to change the form of the property when she should believe it to be to advantage to do so; that since the language of the codicil contained no indication of an intention to confer on her the right to dispose of the proceeds, she would be entitled but to the possession of and income from such proceeds during the continuance of her life estate, but that as to the principal she would occupy a trust relationship to the remainder-men.

In the instant case, while full power and authority to sell without the remainder-men joining in the deed are

given to Emma Frank, there is nothing in the language creating the power which indicates that she is to have the right to dispose of the proceeds without regard to the rights of the remainder-men. Her attempt, therefore, to dispose of the fee for a consideration running to herself alone, to-wit, an agreement to care for her during her life, was an unauthorized use of the power so far as the interest of the appellee is concerned. She could, of course, dispose of the fee for her own benefit with the consent of the remainder-men. Her deed, therefore, must be held valid so far as the interests of the appellants are concerned.

Since the cross-bill of appellee properly stated the interests of the parties in the fee and the original bill of the appellants did not, it was not error on the part of the chancellor to decree partition on the cross-bill rather than on the original bill so far as the question involving the fee was concerned.

Appellants contend that if the deed of Emma Frank was void as to the fee of the appellee it was void *in toto* and the power still stands in her to be exercised by her, and that this being true, the appellee has no partitionable interest in the estate. The rule is that a deed which purports to convey a greater estate than the grantor has is void only as to the excess but is operative to pass the estate which the grantor has. (*People* v. *Economy Power Co.* 241 Ill. 290; *Torrence* v. *Shedd,* 156 id. 194.) That Emma Frank had power to convey her life estate by deed cannot be doubted. The appellants, by acceptance of the deed conveying a life estate and purporting to convey to them the entire fee, cannot now be heard to say that because one-fifth of the fee vested in the appellee did not pass to them therefore nothing passed. Appellants are contending here, as they did in the trial court, that the deed was a valid deed, not only as to the fee to the four-fifths as to which they were remainder-men but also as to the interest of appellee. There is no claim by Emma Frank, who is a party,

that she retains the power, and by her attempted exercise of it neither she, nor her grantees under her deed, can claim that she still has the power.

Appellee contends that there was no delivery of the deed of Julius Frank. This contention is clearly without merit. The appellee, who is an attorney at law, drew the deed at the grantor's request. The same was read over to the grantor by him in the presence of the entire family and there signed and executed. The grantor then handed the deed to the appellee for recording, saying to Emma Frank that the property was now hers. Appellee at the same time had her execute a power of attorney authorizing him to act in her stead in the handling and control of the property in question. After the death of Julius, which occurred within three days of the making of the deed, the deed was recorded by appellee, who also became administrator of the estate of Julius, his father, and filed an inventory in the probate court showing that Julius died seized of no real estate. Appellee, as representing his mother, took charge of the property at once on the making of the deed, and will not now be heard to contend that there was no delivery of the deed.

Appellee by cross-error contends that he is entitled, on contribution of one-fifth of the consideration, to share in the life estate deeded by Emma Frank to the other four children. The rule is that tenants in common stand in such confidential relation in regard to one another's interests that one of them is not permitted, in equity, to acquire an interest in the property hostile to that of the other. (*Ramberg* v. *Wahlstrom,* 140 Ill. 182; *Bracken* v. *Cooper,* 80 id. 221.) This rule does not apply, however, where the interests are not hostile. The life estate of Emma Frank conveyed by her deed to the appellants did not vest in them an interest in any way hostile to the interest of appellee. His interest was originally subject to the life estate of Emma Frank. It is still so subject and is unaffected in any other way. The chancellor did not err in finding that the appel-

lee had no right to participate in the income during the life of Emma Frank.

There appearing to be no error in the record the decree of the superior court is affirmed.

*Decree affirmed.*

---

(No. 14531.—Reversed and remanded.)
FRANK H. WATTLES, Appellee, *vs.* THE VILLAGE OF
McHENRY *et al.* Appellants.

*Opinion filed October 21, 1922—Rehearing denied Dec. 7, 1922.*