## Pennebaker Home for Girls v. Board of Directors, Pennebaker Home for Girls.

(Decided June 20, 1933.)

ROY E. GRAVES for appellant.

E. V. PURYEAR and E. H. GAITHER for appellee.

Opinion of the Court by Creal, Commissioner— Reversing.

W. F. Pennebaker, a resident of Mercer county and a member of the society of Shakers, died testate in 1922, and by his will, which was duly probated, directed that, if he should die survived by members of his family, which term he explained meant all former members of the society of Shakers then living, his executors should provide for their every want out of the income of his estate. The will further directed that, as soon as practicable after testator's death, the executor should organize a corporation for the purpose of establishing and conducting a school for young girls financially unable to educate themselves, and that, after providing for the wants of members of testator's family, any surplus income and any buildings not needed in caring for them should be devoted to such school purposes, and, after the death of all those composing testator's family, the executor should turn the entire estate over to the corporation to be used perpetually to support the school. One clause of the will reads:

"I desire that my real estate be held intact as nearly as possible, but should the corporation find it advantageous to sell a part to improve or better the remainder it should be empowered to do so."

After the death of testator, a corporation known as the Pennebaker Home for Girls was formed for the purpose of conducting a school as directed by the will.

This action in equity was instituted in the Mercer circuit court, and by the petition it is made to appear that the sole asset of the corporation is the property, real and personal, devised to it under the will consisting of about 450 acres of land improved by a number of buildings, and that the sole income of the corporation consists in products from the land and rent from the buildings; that, when the property came into the hands of the corporation, the land was run down and the buildings in bad state of repair, and, for the purpose of repairing the buildings and improving and bettering the real estate, the directors of the corporation have incurred indebtedness and deem it advisable and necessary to further improve the land, all of which will create an indebtedness to the amount of $8,000; that the directors do not deem it advisable to sell any portion

of the real estate, but do deem it advisable to pledge the land to secure a loan to pay off the existing indebtedness and to make the contemplated improvements; that the income arising from the cultivation of the land will be sufficient to retire the indebtedness by annual payments and at the same time provide necessary funds for carrying on the school; that the land held by the corporation is of a value of not less than $40,000, and buildings thereon are of a value of not less than that sum. The prayer of the petition is for a construction of the will with respect to the power of the corporation to mortgage the property for the purposes set out therein and for a construction of the articles of incorporation as respects the right of the corporation to make a mortgage to secure the payment of money borrowed for the betterment and improvement of the property.

On final hearing it was adjudged that the board of directors of the corporation under the will and the articles of incorporation was authorized to mortgage the real estate for the purpose of securing money to pay off and satisfy the indebtedness incurred in improvements made and to be made in the sum of $8,000, and that any mortgage executed for such sum would be a binding and subsisting lien upon the real estate until paid.

The decisive question presented by this appeal is whether the quoted provision of the will authorizing a sale of a portion of the real estate for the purpose of improving and bettering the remainder carries with it the power to mortgage the property to secure an indebtedness incurred for such purpose.

A power granted to ao a thing without specific directions as to the method of accomplishment necessarily includes the means to execute it. ''These, according to the rule already prescribed, should be such as are most usual and which are proper to accomplish the thing intended to be done. They should be such as are ordinarily used by prudent, discreet men, in doing similar business.'' Vanada's Heirs v. Hopkins' Adm'r, 24 Ky. (1 J. J. Marsh.) 285, 19 Am. Dec. 92. But, when the mode of executing a power granted is definitely prescribed by the donor, the donee is without authority to employ different methods in its execution, and any at-

tempt to do so is void. Continental National Bank v. McCampbell, 184 Ky. 658, 213 S. W. 193; Hannan v. Slush (D. C.) 5 F. (2d) 718. The power, if limited by the deed or will granting it, may only be exercised by the donee under the circumstances, for the purposes and in strict conformity with the method of execution contemplated in the instrument. Burton v. Jones, 212 Ala. 353, 102 So. 807.

In determining the intention of a testator or grantor with respect to the extent and the method of executing a power granted by deed or will, courts will look to the language used in the instrument. Frank v. Frank, 305 Ill. 181, 137 N. E. 151.

An examination of authority reveals the general rule to be that a power granted to sell does not include the power to mortgage or otherwise incumber. However, exception has been made to this general rule in many jurisdictions where it has been held that a power to sell authorizes a mortgage when in the circumstances mortgaging will as effectually carry out the intention of the donor and accomplish the purposes for which the power was created. See 21 R. C. L. 780, and 49 C. J. 1271, 1272, and authorities therein cited.

By the general provision of the will, testator clearly expressed a desire and intention that, in so far as possible, his estate should be held intact, and that only a part of it should be sold if and when in the sound discretion of the directors of the corporation such sale might become necessary in order to secure funds to improve and better the remainder. Obviously, it was not his intention that the whole should in any event be sold, and to hold that the directors of the corporation may by implied power to mortgage do more than they are empowered to do under express authority to sell would frustrate the intention of the testator and in effect nullify the provison of his will which forbids a sale of the entire estate, since a mortgage pledging all the property might ultimately result in its sale.

Unquestionably the directors of the corporation may under the power granted by the will sell so much of the real estate as may in the exercise of reasonable prudence and discretion be necessary to carry out the intention of the testator and accomplish the purposes for which the power was granted.

48

The exception to the general rule as hereinbefore set out is based on principles of justice, equity, and sound public policy, and we conclude that it should be given application where the ends to be accomplished by a power to sell may be as effectually attained by a mortgage or deed of trust. However, we find no authority to warrant a conclusion that the power granted to sell a part would, in any event, include the power to mortgage the whole; therefore we are constrained to hold that the power of the corporation to mortgage or pledge the property for the purposes indicated in the petition should be limited to such a part of the estate as might be reasonably necessary to sell in executing the power as contemplated by testator, and to that extent only the directors of the corporation under the provisions of the will and the charter of the corporation may incur indebtedness and execute a mortgage to secure its payment.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.