## Farris v. Ball.

(Decided Feb. 8, 1935.)

FLEM D. SAMPSON for appellant.

J. C. BAKER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

The appeal is from an order overruling a motion to set aside a default judgment made during the term at which it was rendered.

Claiming to be the owner of a $1,575 note which James D. Farris had executed and delivered to Lee Johnson, and which was secured by a lien on certain real estate, Smith Ball brought suit against Farris and Johnson to recover the balance due on the note and enforce the vendor's lien. The case stood for trial on

May 3, 1933, and on that day a default judgment was taken. On May 19, 1933, and during the same term, Farris filed his motion to set aside the default judgment, and, in support thereof, filed his own affidavit and the affidavit of John Barton. The affidavits disclosed that a general demurrer to the petition and an answer not waiving the demurrer were prepared by the attorneys for Farris and delivered to him at Barbourville for filing in the Harlan circuit court, that Farris and Barton carried the demurrer and answer to the office of the circuit court clerk at Harlan on Wednesday morning, May 3, 1933, and presented them to the clerk and his assistant between the hours of 11 and 12 o'clock on that day. At the same time they were informed that no action had been taken in the case. It further appears that both the demurrer and answer were indorsed, "Filed in open court May 3, 1933."

The power of the court to set aside a default judgment at the term at which it is rendered is inherent, and not dependent upon the sections of the Code regulating the granting of new trials. This power is not to be exercised capriciously, or granted as a favor, or withheld as a rebuke for shortcoming in practice. It is exercised as a judicial discretion. It will not depend on whether the party applying can show himself strictly entitled to legal relief under Code provisions (Civ. Code Prac. sec. 518), regulating the granting of new trials on grounds of casualty and misfortune, but will depend on whether the ends of justice will be furthered and in a measure whether the party complaining has been guilty of laches, such as to close the ear of the court to his application. Southern Ins. Co. v. Johnson, 140 Ky. 485, 131 S. W. 270; Latham v. Commonwealth, 240 Ky. 826, 43 S. W. (2d) 44. The case was not ready for judgment until May 3, 1933. Appellant and his companion had come a long distance for the purpose of filing his answer on that day. He did file it during the forenoon of that day, and it was indorsed, "Filed in open court May 3, 1933." In the circumstances appellant was not guilty of laches, and we are constrained to the view that the ends of justice will be best subserved by giving appellant an opportunity to present his defense, and that the circuit court abused a sound discretion in not setting aside the default judgment.

Judgment reversed and cause remanded for proceedings not inconsistent with this opinion.