## Welch v. Mann's Executor et al.
(Decided Nov. 26, 1935.)

W. L. KASH for appellant.

E. C. HYDEN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming in part and reversing in part.

The appeal is from an order setting aside a default judgment and dismissing the petition. The appellant, E. L. Welch, sued Nando Mann's executor and his widow, Mrs. Martha Mann, appellees herein, to recover on their promissory note for $1,651.05 and to enforce a mortgage on land. It is alleged that the executor, by the terms of the will, had power to sell, mortgage, and convey any real estate belonging to the testator, and to borrow money for the estate and mortgage its real property to secure same. But it did not allege that the property covered by the mortgage set up was that of the decedent. A default judgment was rendered against the defendants for the debt, and the sale of the property was adjudged.

Three days thereafter, Mrs. Mann filed her affidavit to the effect that she had gone to the county seat to have an answer prepared, but was unable to do so because it was election day, and since that time she had been detained at home because of the severe illness of one of her children, and for that reason had been unable to prepare her defense. She also tendered an answer denying the power and authority of the executor to execute the note or mortgage, and alleging that her deceased husband had left surviving nine children, of whom seven were infants, and that they had inherited the land described in the petition, and were necessary parties to the suit. She prayed that the judgment be set aside, that the pleading be accepted as her answer, and that the petition be dismissed with costs. No action was taken on this tendered answer. The commissioner of the court proceeded to sell the land and reported its sale to the plaintiff for the amount of his debt.

At the following term of court, the executor tendered an answer in which he denied that he had executed the note or the mortgage or that he had power to do so under the will. He also alleged that he had an agreement with the attorney for the plaintiff that he should have time in which to secure a loan for the purpose of satisfying the debt and that no judgment would be taken in the suit without further notice.

Both of these answers were filed over the plaintiff's objection. Demurrers and a motion to strike them from the record were made upon the ground that the answer of the executor was undertaking to have the judgment set aside after the term in the manner provided by sections 518 and 520 of the Civil Code of Practice. Without waiving them, he filed replies raising issues on the allegations of both answers. But there was no traverse of Mrs. Mann's affidavit as to her reasons for not having defended.

The will of Nando Mann, which was before the court, stated that he was the owner of about 125 acres of land, on which there was a lien of about $1,500, and devised it to his brother, J. L. Mann, in trust for his family, with power to sell the farm in his discretion, at its reasonable value, and to make a conveyance thereof for the purpose of paying the debt against it and dividing the proceeds among his family according to the statute of descent and distribution, or reinvesting the bal-

ance in other land. A codicil made provisions for the payment of $500 to his wife out of the proceeds as being the sum which she had paid on the purchase price.

The court adjudged that the executor or trustee was not given power or authority under the will to mortgage the land, and if he had in fact executed the mortgage, it was invalid and there could be no recovery by the plaintiff thereon. The judgment and sale of the property were accordingly set aside, and the petition was dismissed.

It is an inherent power of a court to set aside a judgment upon motion made at the term at which rendered, to be exercised as a matter of judicial discretion in the furtherance of justice. The court's action in this respect will not be interfered with on appeal except for what is regarded as an abuse of discretion. While Mrs. Mann's motion or prayer to set aside the judgment was not acted upon until another term, its filing during the term at which the judgment was rendered had the effect of suspending it. Riglesberger v. Bailey, 102 Ky. 608, 44 S. W. 118; Algee v. Algee, 168 Ky. 362, 182 S. W. 197; Union Gas & Oil Co. v. Kelly, 194 Ky. 153, 238 S. W. 384; Farris v. Ball, 257 Ky. 683, 79 S. W. (2d) 7. In so far as the judgment pertained to Mrs. Mann, we think the court properly vacated it to the extent which her answer manifested a defense. She admitted her execution of the note, and no cause was shown for setting aside so much of the judgment as was personal to her.

Whether or not the suspension resulting from Mrs. Mann's motion also suspended the judgment as it affected her codefendant, the executor of the estate, in matters not set up by her, so that he was authorized at a subsequent term to maintain a motion to vacate on those grounds in a manner other than that prescribed by section 520, we need not determine. We do think, however, that the answer submitted by Mrs. Mann as sufficient for vacating the entire judgment inured to his benefit under the rule that defenses in an answer filed by one defendant which are common to all, and which go to the whole right of the plaintiff to recover, preclude recovery against the codefendant until those issues have been disposed of, should appy. Tackett v. Green, 187 Ky. 49, 218 S. W. 468; Beddow's Adm'r v. Barbourville Water, Ice & Light Co., 252 Ky. 267, 66 S.

W. (2d) 821. Mrs. Mann's answer raised an issue as to the power of the executor to bind the estate by his note and to mortgage the land. Therefore, when the court came to consider the case after vacation of the jujdgment, he was authorized to consider that issue as it affected the executor.

Although a mortgage may be regarded as a conditional or qualified, sale, it is specifically held that a power given a trustee to sell is not a power to mortgage, unless there is something in the instrument granting it disclosing that a mortgage was within the intention of the donor of the power. When the mode of executing a power is definitely prescribed by the creator, the trustee or donee is without authority to employ a different method, and any attempt to do so is void. Chenault's Guardian v. Metropolitan Life Insurance Co., 245 Ky. 482, 53 S. W. (2d) 720; Pennebaker Home for Girls v. Board of Directors, Pennebaker Home for Girls, 250 Ky. 44, 61 S. W. (2d) 883. In the case at bar, there is only the power to sell and convey for the purpose, first, of paying the debt on the property; second, for the distribution or reinvestment of the balance of the proceeds; hence, the trial court properly adjudged the mortgage to be invalid.

It is said in brief that the note and mortgage were executed to pay off the existing lien; that the original note was to a bank, and it had been assigned to Welch; and that instead of renewing it, the new obligation was created. That condition, however, is not disclosed in the record. We are, of course, confined to it, and cannot consider the question whether, under the power granted the trustee, he could substitute one lien for another. It may be pointed out that the appellant has the right of subrogation and may recover on the original obligation to the bank. Commonwealth ex rel. Board of Education of Lawrenceburg v. Federal Land Bank of Louisville, 226 Ky. 628, 11 S. W. (2d) 698.

The appellant suggests a premature judgment since the allegations of the answers were denied and no proof had been offered. The court did not find it necessary to decide any controverted issue of fact, but determined the case upon the issue of law as to the power granted the trustee in the will. That decision rendered the issue of non est factum immaterial and effectually disposed of the case.

The only error in the judgment is that which dismissed so much of the petition as sought a personal judgment against Mrs. Mann. She made no defense to that claim, and the plaintiff was entitled to such judgment.

The judgment is affirmed except to that extent.