# Gaither v. Gaither.

Oct. 31, 1941.

I. C. James for appellant.

C. E. Rankin for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Edgar B. Gaither, individually and as trustee of his son, Edgar B. Gaither, Jr., brought an action against Edgar B. Gather, Jr., under the Declaratory Judgment Act, Section 639a—1 et seq., Civil Code of Practice, seeking a construction of two wills and a deed and asking the court to declare his rights, duties, and powers as trustee and individually under said wills and deed, and that he be authorized, empowered, and permitted to

mortgage certain real estate for the purpose of improving the same.

E. H. Gaither, father of Edgar B. Gaither, executed his will on April 14, 1933, and Fannie W. Gaither, his mother, executed her will on April 28, 1933. E. H. Gaither's will was probated in the Mercer county court on January 15, 1934, and Fannie W. Gaither's will was probated on March 4, 1935. Aside from a few specific bequests, E. H. Gaither and his wife, by their respective wills, gave all of their property, equally, to their two sons, E. B. and Isaac H., and their two daughters, Elizabeth and Emily. Edgar B. Gaither's share was given to him in trust. Item 2 of E. H. Gaither's will reads:

"The share going to my son Edgar, I give to him in trust for his son, Basil (Edgar Basil Gaither Jr.). He to hold, manage and control same as if it were his own, with power to sell and convey the same, real and personal without accountability in any way, in the purchaser, and to use the proceeds in any way his judgment suggests. He is to give no bond and no legal qualification to be required of him as trustee. He will account to his cestui que trust at such time as he deems proper. Should Basil die before the trust is settled, the trustee shall have the power to appoint, by will or declaration a successor and under same conditions."

The pertinent part of Fannie W. Gaither's will reads:

"The share so devised to my son Edgar B. Gaither is devised to him in trust for the use and benefit of his son Edgar Basil Gaither and any other child that may be born to him, to hold the same in trust for said child or children, with power to sell and convey and make good title thereto, without purchaser looking to reinvestment, and to pledge, lease and manage said estate so devised to him in trust without accountability to any one, he to hold the same without executing bond as Trustee, and without qualifying before any Court whatever, the said property so devised to him in trust is not to be subject to any debt or obligation of his or created by him except for the benefit of his cestui que trust."

The question presented is whether Edgar B. Gaither can mortgage property held by him in trust under the

wills of his father and mother. There can be no doubt that he has such power under his mother's will. Among the broad powers vested in him by her will is the power to pledge. The general rule is that a power to sell does not include a power to mortgage. Morgan v. Meacham, 279 Ky. 526, 130 S. W. (2d) 992; Pennebaker Home for Girls v. Board of Directors, Pennebaker Home for Girls, 250 Ky. 44, 61 S. W. (2d) 883; Welch v. Mann's Ex'r, 261 Ky. 470, 88 S. W. (2d) 1; Chenault's Guardian v. Metropolitan Life Insurance Company, 245 Ky. 482, 53 S. W. (2d) 720; Hirschman v. Brashears, 79 Ky. 258, 259. However, an exception to the general rule is made where the power of sale is without restriction and the ends to be accomplished by the power to sell may be as effectually obtained by a mortgage. "It would seem to be unquestioned that the donee of the power of sale which is unlimited and is to be exercised for his own benefit may execute a mortgage under the power." 21 R. C. L. 780; Funkhouser v. Porter, 107 S. W. 202, 32 Ky. Law Rep. 676; cases supra. Whether the donee of a power of sale may execute a mortgage depends upon the intent of the donor as indicated by his language and his object in creating the power. In the instant case, the testator vested the trustee with unrestricted power of sale, and from the language used by him in his will it evidently was his intention that his son, Edgar B. Gaither, should have the use of the property for his own benefit. The property is given to him "to hold, manage and control same as if it were his own" with power to sell and "to use the proceeds in any way his judgment suggests." The will stipulates that he shall not be required to execute bond as trustee, and that he shall account to his cestui que trust only at such time as he deems proper. Should the cestui que trust die before the trust is settled, Edgar B. Gaither is given the power to appoint a successor.

It is alleged in the petition that Edgar B. Gaither took a fee simple title to the property devised to him in trust, but in the prayer the plaintiff only asks for a declaration of rights as to his power and authority to mortgage the real estate referred to in the petition. The circuit court adjudged that Edgar B. Gaither has the power to sell and convey such real estate and also to mortgage and pledge same "to such extent as he sees fit for the purpose of raising money with which to con-

struct improvements upon said property and to repair and improve buildings now thereon, and no mortgagee shall be required to see to the application of any proceeds of any mortgage or mortgages given thereon,'' but the court declined to go further and determine the nature of Edgar B. Gaither's title, especially as to whether he takes the property in fee simple. It is likewise unnecessary for us to pass on this question since the appeal by the guardian ad litem of Edgar B. Gaither, Jr., only requires us to determine the correctness of the court's ruling that Edgar B. Gaither has the power to mortgage the property in question, and clearly, under the authorities heretofore cited, he has that power for the purposes designated in the judgment regardless of the nature of his title. The broad powers conferred upon Edgar B. Gaither by the wills of his father and mother indicate that it was their intention that he should have the power to manage and control the property in such manner as he deemed best, and that he should have the power to mortgage the property in order to preserve and improve it; otherwise he might be compelled to sell it at a sacrifice. Pennebaker Home for Girls v. Board of Directors, Pennebaker Home for Girls, supra. Cf. Sharp's Guardian v. Sharp's Ex'x, 217 Ky. 171, 289 S. W. 250.

Appellant relies upon Cooke's Guardian v. Hazel, 267 Ky. 586, 102 S. W. (2d) 1006, but in that case the instrument creating the trust vested no power of sale in the trustee.

The property which Edgar B. Gaither desires to mortgage is a one-half interest in a valuable lot located in the business district of Harrodsburg. The lot has on it a garage and a mercantile building, but a large portion of it is vacant. It is alleged in the petition that the property can be rented for a period of years at a very substantial return upon the investment, provided that improvements to the extent of $12,000 or $15,000 are made, and that neither the plaintiff nor any of the other joint owners are able to furnish the necessary money, but all of them are willing to execute a mortgage on the entire property. The other joint owners are the plaintiff's brother, sister, and child of a deceased sister. The property was conveyed to the present owners by the Oldest Town Realty Company, a corporation in which Edgar B. Gaither owned one-half of the stock and his

brother and sisters the remainder. It appears that he purchased the stock in the corporation with the proceeds of the sale of property devised to him by his father and mother. On October 31, 1938, the corporation conveyed to its stockholders a lot in Harrodsburg with improvements thereon. One-half interest in the property was conveyed to Edgar B. Gaither, trustee under the wills of E. H. Gaither and Fannie W. Gaither, one-fourth interest to I. H. Gaither, one-eighth interest to Emily Gaither Wurtele, and one-eighth interest to J. A. Fraser, statutory guardian of J. A. Fraser, Jr., subject to the life estate of Emily Gaither Wurtele under the will of Elizabeth Gaither Fraser. The deed contains a complicated and unusual provision. Emily Gaither Wurtele is constituted attorney in fact for all of the grantees to control and manage the real estate and to collect the rents and income and to pay the taxes, the power of attorney to continue in effect until she shall refuse or cease to act under it or until it shall be revoked by the consent in writing of Edgar B. Gaither and Isaac H. Gaither, or whomsoever may hold title to the interest they now hold. The deed then continues:

"Each grantee agrees that so long as Emily G. Wurtele continues to act under said power of attorney, he or she will not allow the creation of a lien upon, or sell, mortgage, dispose of, the whole or part of his or her interest in said real estate except to a son, brother or sister of said Edgar B. Gaither, Sr. or I. H. Gaither or Emily G. Wurtele and that in case any one of said last named three persons violate this promise, the portion of interest so subjected to a lien or sold or mortgaged or disposed of, shall thereafter bear an increased burden or charge amounting to 25% of its prorata share of the repairs, maintenance, taxes, assessments, all management and other expenses in, on, or growing out of all said real estate during the existence of said power of attorney."

The pleadings disclose that all of the owners propose to join in the execution of a mortgage on the property. Whatever may be the effect of the foregoing provision if one of the grantees executed a mortgage on his interest in the property without the consent of the others, the penalty stipulated in the deed will be waived by each as to the others when he or she signs the mort-

gage, and the execution of a mortgage under the circumstances set forth in the pleadings will not be a violation of the provisions of the deed.

The judgment of the circuit court being in accordance with the views herein expressed, it is affirmed.